# McINDOE vs. MORMAN.

(1–5.) VENDOR AND PURCHASER: *Their respective rights, when purchaser is in possession under the contract of sale, and vendor cannot make a perfect title.*
(6.) PRACTICE: *Amendment of pleading after reversal of judgment.*

1. One who has gone into possession of land under a contract of sale, cannot retain possession under the contract, and yet avoid payment of the balance of the purchase money on the ground that the vendor cannot give him a good title as agreed.
2. To avail himself of such defense, the purchaser must offer to rescind the contract; and he may then recover what he has paid, with interest, and the value of his improvements, less the value of his use and occupation.
3. The court, in such a case, if necessary to the protection of the purchaser, will adjudge that he retain possession until the amount recoved by him be paid, or otherwise secured to his satisfaction.
4. In special cases the court may shape its proceedings so as to secure the equities of the parties, as by compelling the vendor to discharge an outstanding lien, or to allow the purchaser to apply portions of the purchase money to its discharge, etc.
5. But in a simple case of the vendor's inability to give a perfect title, he may maintain an action for a strict foreclosure of the purchaser's

rights under the contract, unless the latter offers to rescind; and this without even having tendered a deed, if it appears that he knew the purchaser would not accept it or pay the purchase money.

6. The court may, in its discretion, permit the purchaser to amend his answer so as to ask a rescission of the contract, etc., after judgment in his favor has been reversed, and the cause remitted for a new trial.

APPEAL from the Circuit Court for *Marathon* County.

In November, 1864, plaintiff executed and delivered to defendant his bond in the penal sum of $500, conditioned for his executing and delivering to defendant, on or before the 26th of November, 1867, a good, ample and sufficient deed of conveyance in fee simple, with the usual covenants of warranty, of two certain lots of land : *provided,* that defendant should pay plaintiff or his assigns $400 on or before said last mentioned date, with interest, etc. In 1869, plaintiff brought this action to bar and foreclose all defendant's claim to and equity of redemption in the premises; alleging that he had executed and offered to defendant a deed of the land, such as is described in said bond, and that defendant had refused to accept the same or to pay the $400, etc. Defendant answered, that at the time of the execution of said bond, he paid plaintiff thereon $250, and took possession of the premises, and had ever since held possession thereof by actual occupation under said bond; that he had subsequently paid $35 on the amount to be paid by him; that plaintiff was unable to comply with the conditions of said bond on his part, and give defendant a good and unincumbered title to the land as provided in the bond, because the land had been sold at United States marshal's sale and never redeemed, and there were various judgments outstanding against plaintiff which were a lien thereon; that in 1866 it was agreed and understood between the parties, that defendant should not pay anything more upon said bond until plaintiff could make a good and unincumbered title to the land for him; that, relying on this agreement and understanding, defendant had put

permanent improvements upon the land of the value of $700; and that plaintiff was insolvent, etc.

The court found that the material allegations of the answer were true, and that the premises were so incumbered that plaintiff could not give a good and sufficient deed of conveyance in fee simple; and it held, therefore, that plaintiff had not a cause of action, and rendered judgment for the defendant for his costs, etc.; from which the plaintiff appealed.

*James O. Raymond*, for appellant, cited *Taft v. Kessel*, 16 Wis. 278; *Ludlow v. Gilman*, 18 id. 552; *Horton v. Arnold*, id. 212; *Walker v. Wilson*, 13 id. 522; *Hall v. Gale*, 14 id 54.

*W. C. Silverthorn*, for respondent, cited *Wright v. Young*, 6 Wis. 127; *Bateman v. Johnson*, 10 id. 1; *Taft v. Kessel*, 16 id. 273; *Davis v. Henderson*, 17 id. 105; *Davidson v. Van Pelt*, 15 id. 341; 5 id. 558.

DIXON, C. J: If the defendant were not in possession of the premises, claiming to hold them under the contract, the judgment of the circuit court might stand. But the defendant is in possession and enjoyment of the premises, never having been evicted or disturbed, and claims the right to continue therein by virtue of the contract, and still refuses to pay the price. The judgment of the circuit court establishing his right thus to remain in the possession and enjoyment, leaves him there, and justifies his refusal to pay the consideration money as he has agreed. The case of *Taft v. Kessel*, 16 Wis. 273, is clear authority that this cannot be done. The remedy of the purchaser, as there decided, where the title of the vendor fails or he is unable to make conveyance as stipulated by the contract, is to rescind the contract, or offer to, and to restore the possession, in which case he may recover the purchase money advanced and the interest, together with the value of his improvements, deducting therefrom such sum as the use of the premises may have reasonably

McIndoe vs. Morman.

been worth; and, if necessary for his protection, the court will also provide by the judgment that the possession be not surrendered until the amount so recovered shall have been paid or otherwise secured to his satisfaction. If, on the other hand, the purchaser chooses not to rescind, but to retain possession under the contract, he can do so only upon condition that he pays the purchase money and interest according to the contract. In the latter case, or rather when the purchaser does not elect to rescind, it is considered that he is willing to receive such title as the vendor is able to give, and content with the personal responsibility of the vendor upon his covenants in case the title actually fails and he is afterwards dispossessed. These propositions are clearly established by *Taft v. Kessel*, as well as the following, in addition to the cases there cited : *Worthington v. Curd*, 22 Ark. 277 ; *Garven v. Cohen*, South Carolina Law and Eq. R. (Richardson, 13 Law and 12 Eq. 1860–1866), 153 ; *Helvenstien v. Higgason*, 35 Ala. 359 ; *Wiley v. Howard*, 15 Ind. 169.

In holding thus, we do not, of course, intend to say that there may not be circumstances under which some modification of these rules would be proper. There may be cases where it would be proper, and the ends of justice would require, that the vendor's proceedings be stayed, or his action continued, to enable the purchaser to pay off an outstanding incumbrance, which is such that he can pay it and apply the amount, or have it applied under the direction of the court, in extinguishment of so much of the sum due upon his contract. And there may be other cases where it would be equitable and just to stay the vendor's proceedings to foreclose, and to require him to extinguish an outstanding title or incumbrance out of the purchase money to be paid into court, and if he did not do so, to order the money refunded, and perhaps his action dismissed. If it should appear that the vendor had unjustly and willfully refused to satify an incum-

brance or extinguish an outstanding title or lien, when it was entirely competent for him to do so, and that his purpose was to oppress the purchaser and force him against his interest to elect a rescission, I have little doubt the court might make such order, and, if it were not complied with, might properly dismiss the action. In all such cases the court may so shape and control its proceedings as to prevent injustice, and compel either party to do that which is equitable. See *Mack v. Patchin*, 42 N. Y. 171, 172, and cases cited. But cases of the kind are exceptional, and this one presents no such peculiar circumstances. It is but the ordinary case of a vendor who is unable to give a clear title in compliance with the terms of his agreement. It is true, the answer avers that the vendor is insolvent, but that does not vary the case. The purchaser cannot refuse to pay the price, and retain possession of the premises forever on that ground. It would be inequitable for him to do so. He cannot put the vendor off, or compel him to wait the course of events, or until the title has become perfect by lapse of time or otherwise. It is optional with him to rescind, and when he does so he will have judgment for the purchase money already paid, with other legitimate expenditures under the contract beyond what has been realized on the rents and profits at a fair valuation; and this, with his lien and right to retain possession until the judgment is paid, is considered an ample remedy, at least as ample as the nature of the case will admit. The situation is quite as much if not more to his advantage than if he had taken a deed and given a mortgage to secure the purchase money; for what the rights of a mortgagor would be, should he undertake to rescind and tender a re-conveyance, is not so well settled. The defendant should, therefore, if he desired to avoid a strict foreclosure and forfeiture of all rights as purchaser, have offered to rescind by his answer; for otherwise judgment must go

against him for the residue of the purchase money and interest, and then all right and remedy will be gone, unless he pays the judgment and receives a deed within the time limited for that purpose. And it may yet be time for the defendant to avail himself of this privilege. The power of amendment is still open to him; for, upon the cause being remanded, the circuit court may undoubtedly, in its discretion, allow an amendment of the answer, should proper application be made.

The position of the learned counsel for the defendant, that the plaintiff was required to tender a deed conveying a clear title before suit brought, or before he can maintain this action, is inconsistent with the view above expressed, and of course untenable. The authorities to which the counsel refers are distinguishable, being cases where the vendor proceeded to enforce an equitable lien for the purchase money, and the vendee elected to rescind on the ground that the vendor could not make title; or cases where the vendee had offered to pay the purchase money, and demanded a deed, and the vendor had refused to execute it, and afterwards brought suit to recover the money. It would have been idle here for the plaintiff to have tendered a deed, as it conclusively appears that the defendant would have refused to accept it and pay the purchase money.

And the other position of the counsel, that the court below must have found that the subsequent agreement set up in the answer was entered into between the parties, is also untenable. The bill of exceptions purports to contain all the evidence given upon the trial, and there is not one word of testimony in support of that part of the answer, even if the finding is to be construed as counsel contends, which is very doubtful.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.