———o———

63 475
35a 414
63 475
45a 363
63 475
49a 298

M. D. HARVEY, Respondent, *vs.* RANDLE MORRIS, Appellant.

1. *Vendors and purchasers—Title bond, possession under—Refusal to pay purchase money—Offer to rescind.*—A vendee of land, who is put in possession and receives from the vendor a bond for a warranty deed to be given on the full payment of the purchase money, can, in case of the vendor's inability to comply with his covenant, defend against the payment of the purchase money, and he may have a judgment over against the vendor for the purchase money paid. But to avail himself of such defense and recovery, he must first offer to restore possession and rescind the contract.

*Appeal from Jasper Court of Common Pleas.*

*Lay & Belch, with J. W. Sinnet,* for Appellant, cited: Smith vs. Busby, 15 Mo. 244, 378 ; Luckett vs. Williamson, 31 Mo. 54 : Same, 37 Mo. 388 ; Wellmans, Adm'r, vs. Dismukes, 42 Mo. 101.

*W. H. Phelps.* for Respondents cited ; Isler vs. Egger, 17 Mo. 332 ; McJudae vs. Morman, 26 Wis. 588.

NORTON, Judge, delivered the opinion of the court.

This suit was instituted in the court of common pleas for Jasper county, on three promissory notes, one for $2,400, one for $11,152.72, and one for $50.50.

The defendant, in his answer, admits the execution of the notes, and also admits plaintiff's right to recover on the note for $50.50, but by way of defense to the other two notes, alleges that they were given in consideration of land purchased by defendant of plaintiff, in Jasper county, specifically described in the answer ; that at the time of the purchase plaintiff executed his title bond, containing a covenant that on the full payment of the purchase money he would execute and deliver to defendant a good and sufficient warranty deed, conveying to him the title to said land ; that he has ever been ready to pay said notes when a good title was made by plaintiff ; that defendant had no title to said land, except the one-fifth interest to all but one forty-acre tract—the title of which was in one William Harvey. The answer further alleges that the defendant had made improvements on said lands amounting to $3,360 ; that he had paid on said notes the sum of $346.64, and also $1,697.16.

Plaintiff, in his replication, denies that payments were made, as alleged in the answer ; admits that the notes were given in consideration of land sold to defendant, and that he executed the title bond as alleged, and states that at the time of its execution defendant was put in the peaceable and exclusive possession of said land, and that he was still in the occupancy and enjoyment of it. The replication denies all the other allegations of the answer, and avers the readiness of plaintiff to comply with the terms

of his bond. The cause was tried by the court, and judgment rendered for plaintiff for the sum of $2,378, from which defendant appeals to this court.

On the trial evidence was introduced tending to show that plaintiff only had title to a portion of the land sold, and it was admitted that defendant was and had been in peaceable possession of the land in controversy, from the date of the contract of sale to that time. During the trial various exceptions were taken to the action of the court in refusing to admit evidence, and in giving and refusing instructions, which will not be noticed, as the sole question presented for the determination of this court is, whether the defense set up in the answer of defendant was sufficient to prevent a recovery of the notes sued on, without an abandonment of the possession of the land contracted for, and an offer to rescind the contract.

Where a purchaser of land, by virtue of the contract of purchase, is put in possession of the land purchased, he cannot resist the payment of the purchase money without offering to restore the possession thus acquired by him to the vendor. He cannot be permitted to occupy, possess and enjoy the profits of the land bought, and at the same time be allowed to withhold the price agreed to be paid. We think the principle is well established in this State and elsewhere, that a vendee who buys land and receives from the vendor a bond containing a covenant that the vendor, on full payment of the purchase money, will convey a complete title by deed of general warranty, can, in the event of the vendor's inability to comply with his covenant, successfully resist the collection of the purchase money, when he offers to restore possession and rescind the contract. Not only can he resist, under such circumstances, the payment of the purchase money, but he would be entitled to a judgment over against the vendor for the purchase money paid by him. As a condition precedent to the availability of such a defense, the vendee must offer to restore possession and yield up the fruits of the contract. It would be inequitable to allow him to remain in the use and enjoyment of what he bought, and also to retain in his hands the price agreed to be paid. (McJudae vs. Morman, 26 Wis. 588.)

In the case of Smith vs. Busby (14 Mo. 272), Judge Scott remarks : "The defense in this action is entire failure of consideration, but we do not see how it can be maintained. He was put in possession of the land and received rent for it. He had the very thing he contracted for. It is unjust to take possession of land under a contract of sale and retain it, and yet refuse the purchase money. The vendor should have his money or his land, and if the vendee intends to rescind the contract, he should relinquish his claim to the vendor, and abandon possession. The defense can only be maintained on the ground that defendant has a right to rescind the contract."

In the case before us the defendant was put in possession of the land under the contract in 1868, had been in possession ever since, and had made no offer to restore possession or rescind the contract. Had the trial court, under such circumstances, awarded a judgment for defendant, it would have justified his refusal to pay the price agreed to be paid, and established at the same time his right to remain in the possession and enjoyment of what he had obtained from the plaintiff.

We have been referred to the case of Luckett vs. Williamson (31 Mo. 54 and 37 Mo. 388), and also the case of Wellman vs. Dismukes (42 Mo. 101), as opposing the above views. In the case of Luckett vs. Williamson, which was a proceeding in equity by a vendor to enforce specific performance of a contract for the sale of land, it was simply decided that the vendor was not entitled to a decree for specific performance, without showing his ability to convey a good title to the land sold. In the case of Wellman vs. Dismukes, the answer of defendant alleged an abandonment of possession of the property, and asked for a rescission of the contract ; and the defense set up by the defendant that plaintiff had no title was upheld by the court. Both cases are in harmony with the principle enunciated in this.

Judgment affirmed, the other judges concur except Judge Wagner, who is absent