## ASA O. REEVE v. PATRICK DOWNS.

VENDOR'S LIEN; *Transfer of; Sufficiency of Petition; Evidence.* Hart made a contract to sell to Rock & Reeve a certain tract of land. The terms of sale were one-third cash and the balance in two payments. Notes were given for these payments, and a bond to convey the land upon the payment of the notes. The first was paid. Thereafter, Hart indorsed the last note to plaintiff, and conveyed to him the land. Plaintiff brought his action on the note, and prayed a foreclosure and sale of the land. In the petition there was no allegation of a tender of a deed, or of any offer or willingness to convey. The defendant raising no question of the sufficiency of the petition by motion or demurrer, answered, admitting the contract substantially as averred in the petition, and that he had received possession of the land under the contract, and still kept the possession, and pleading three special defenses to the note — the statute of limitations, a homestead right, and a release of Rock from the contract. Upon the trial he objected to any testimony, on the ground that the petition did not state facts sufficient to constitute a cause of action, though, so far as the record shows, without disclosing any specific defect in the petition. The objection was overruled, the trial proceeded with, and plaintiff obtained judgment on the note, and a decree of foreclosure and sale. The testimony was not preserved. *Held,* That no error is shown affecting the substantial rights of the defendant and sufficient to compel a reversal.

*Error from Wyandotte District Court.*

ACTION brought by *Downs* against *Reeve*, to foreclose a vendor's lien upon the S.W. $\frac{1}{4}$ of S.W. $\frac{1}{4}$ of sec. 8, township 11, range 24, east, in Wyandotte county. The facts, pleadings and proceedings are sufficiently stated in the opinion. Trial by the court, at the April Term, 1878, and findings and judgment for the plaintiff. New trial denied, and the defendant *Reeve* brings the case here.

*Nathan Cree,* for plaintiff in error.
*W. F. Carroll,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action to foreclose a vendor's lien, one of that class of liens whose validity was asserted in the case of *Stevens v. Chadwick,* 10 Kas. 406. The petition sets out a copy of a note executed by defendant and George O. Rock to one Hart, with indorsement to plaintiff; alleges non-payment, etc., making out a full cause of action upon the note. It then alleges that at the time of the execution of the note, said Hart entered into an agreement with said Rock and defendant, a copy of which is attached to and made a part of the petition. This agreement was simply a contract for the sale of a certain tract of land, of which the land in controversy was one-half, from Hart to defendant and Rock jointly; recited the consideration (part cash and part notes), and bound Hart to convey to defendant and Rock upon payment of the notes. It also bound the vendees to pay all the taxes, and in case of default in any payment, to surrender the possession and forfeit the money paid. The petition then alleges that subsequently said Rock was released from the contract, and the other half of the land was, by all the parties to the contract, conveyed to one Ellen Downs, as trustee. It further alleges that Hart was at the time the owner in fee of said tract, and that he put the vendees in possession; that at the time of the transfer to plaintiff of the note sued

upon, which was the last of the notes specified in the contract, Hart conveyed the land in controversy to plaintiff. It also alleges a default in the payment of taxes by defendant, and a subsequent payment by plaintiff. It closes with a prayer for judgment for the amount due on the note, and for taxes paid; and that the real estate specified in the contract, excepting the one-half conveyed to Ellen Downs, be sold in satisfaction of said amount, and that defendant be thereafter barred and foreclosed of all interest therein. An answer was filed, setting up several defenses. On the trial before the court without a jury, the defendant objected to the offer of the note in evidence, on the ground that the petition did not state facts sufficient to constitute a cause of action, which objection was overruled. The court thereafter made certain findings of fact, and rendered judgment in favor of the plaintiff for the amount of the note and taxes, and directed a foreclosure of the vendor's lien and a sale of the land.

As the testimony is not preserved, the only questions are as to the sufficiency of the petition; and if sufficient, whether upon the pleadings and findings the proper judgment was entered. It is now claimed that "the petition is bad, because not averring tender of a deed, or some excuse for not tendering it, or at least readiness to convey." Though this is the question now argued by counsel, it does not appear what specific defect in the petition was pointed out at the time. The objection was general to the sufficiency of the petition, and any other matter may have been presented to the trial court, as the supposed defect. However, we shall notice the question as here presented. The petition, it is true, contains no such averment, and counsel for defendant in error conceding that generally in cases like this it would be necessary, claims that the defect is made good by the matters set up in the answer. It becomes necessary, therefore, to examine the latter pleading. This contains a general denial, with a restriction as to matters thereafter admitted, and in addition sets up the sale and purchase of the land substantially as averred in the petition, the entry of possession by the defendant and Rock

under the contract, and alleges their joint occupation thereof as a homestead. It admits that Hart conveyed the one-half to Ellen Downs, but says that at the time the land was still occupied by Rock and himself and their families as a homestead, and denies that any conveyance thereof was ever signed by the wife of either. It admits the conveyance of the other half to plaintiff, but alleges that plaintiff had full notice of defendant's occupation of the same as a homestead. It further denies that defendant made the last payment indorsed on the note; says it was made by Ellen Downs, under some agreement with Rock, and was paid to procure the release of said Rock from the contract; and pleads the bar of the statute of limitations. It contains no offer to rescind the contract, or to give up the possession, but seeks to avoid payment of the note given for the purchase-money, on the ground of a homestead exemption, the statute of limitations, and the breach of the contract on the part of Hart by the conveyance to Ellen Downs.

Do these matters supply what is lacking in the petition, or obviate the necessity of any omitted allegations? If we consider the letter of the contract, it calls for payment of the note before the execution of the deed. The purchaser must pay before he is entitled to a deed, but the vendor need not execute a deed until he has received his money. So that technically a cause of action accrues to the vendor before it does to the purchaser, and the vendor, when the note matures, ought to be able to maintain his action and recover his money before executing any deed. And a petition which states the maturity and non-payment of the note shows the purchaser in default, and states a cause of action irrespective of any action or offer on the part of the vendor. But the courts, having regard to the spirit more than to the letter of the contract, have ruled that a vendor who is not able and willing to perform his part of the contract, should not be permitted to worry and vex the purchaser.

So, also, as there is a mutuality in these contracts, the vendee cannot claim specific performance without a tender of pay-

ment. In other words, the party who asks performance must himself be ready to perform. So that if the defendant had simply demurred to the plaintiff's petition, his demurrer ought to have been sustained. But there is another proposition the reverse of that which we have noticed, and that is, that he who would rescind a contract must rescind it *in toto*. He cannot appropriate the benefits and repudiate the burdens. If he would avoid the latter, he must give up the former. Insisting on his right to retain the former is a waiver of all objections to responsibility for the latter. If the vendor bring his action on the purchase-note, he affirms the contract, and cannot be heard to say that he is under no obligation to convey. If the vendee receive possession under the contract, and insist on maintaining such possession, he will not be permitted to deny his liability on such note. In the case of *Harvey v. Morris*, 63 Mo. 475, the court says:

"Where a purchaser of land, by virtue of the contract of purchase, is put in possession of the land purchased, he cannot resist the payment of the purchase-money without offering to restore the possession thus acquired by him to the vendor. He cannot be permitted to occupy, possess and enjoy the profits of the land bought, and at the same time be allowed to withhold the price agreed to be paid."

To a similar effect is the case of *McIndoe v. Morman*, 26 Wis. 588. See, also, *Brock v. Hidy*, 13 Ohio St. 306. That averments in the answer may be resorted to to help out defective allegations in the petition, will not be denied. As to the effect of failing to question the sufficiency of a petition by demurrer or motion, and seeking for the first time to do so by an objection to the introduction of evidence upon the trial, see *Barkley v. The State*, 15 Kas. 99.

Now in the case at bar, the title to both note and land being shown by the petition to be in the plaintiff, which shows both the right to insist on performance by the defendant, and ability to perform on the part of the plaintiff, the defendant failing to object, that there is no showing of an offer or a willingness to perform on the part of the plaintiff, comes into court, and admitting that he has received possession

under the contract, insists on his right to retain possession, and seeks to defeat the plaintiff by certain special defenses to the note. In a certain sense, he passes by the issue which he might have made, and invites the consideration of the plaintiff and the court to certain other issues, and then, when the case is called for trial, seeks to go back and bring up the issue which he has once passed. Where a party is called upon to perform an obligation, and objects on certain specific grounds, he waives other preliminary objections, which, if made known at the time, could easily have been obviated.

We are aware that the propositions we have stated are general, and subject to many limitations and exceptions, but nevertheless we are constrained to think that the facts of this case do not bring it within any such limitations or exceptions, and that the defendant was not prejudiced in his substantial rights by the ruling of the district court.

As to the findings, particularly that in reference to the taxes, we think the language obscure, and open to two interpretations; but we must give them that construction which supports rather than that which contradicts the decree.

We notice, also, the certificate to the case-made, which is, that it is "correct so far as it purports to be a history of the case." Exactly what is intended by this expression, we are unable to determine.

Upon the record as it stands, we think the judgment should be affirmed.

All the Justices concurring.