JOHN W. DUNN v. C. W. MILLS.

No. 13,907. (79 Pac. 146.)

SYLLABUS BY THE COURT.

1. CONTRACT—*Action for Purchase-price—Rescission and Restoration Necessary to a Defense.* In the absence of fraud, insolvency of the vendor, or other special circumstance, a vendee of land who has been given possession under a contract of sale, calling for a title in fee simple free from encumbrance, and whose possession has not been disturbed, cannot resist payment of the purchase-price, when due, on the ground of a lack of title in the vendor unless he rescind the contract and restore possession to the vendor.

2. ———. *When the Action May be Maintained.* If a vendor of land, under a contract of sale calling for the conveyance of a fee-simple title free from encumbrance and an abstract of title,

put the vendee in possession, and upon default in the payment of the purchase-price tender to the vendee deeds in due form and documents purporting to be abstracts of title to the land, and no objection be made to the deeds or abstracts or to the title offered, and no offer be made to rescind the contract or to surrender possession, the vendor may maintain an action to recover the purchase-price without further performance or further offer to perform on his part.

Error from Comanche district court; EDWARD H. MADISON, judge.   Opinion filed January 7, 1905.   Affirmed and modified.

*J. W. Davis,* for plaintiff in error.

*F. C. Price,* for defendant in error.

The opinion of the court was delivered by

BURCH, J. :   A vendor sold to a purchaser a tract of land and agreed to convey and assure it in fee simple, clear of all encumbrances by a good and sufficient warranty deed, and an abstract of title   The vendee paid a portion of the purchase-money in cash and agreed to pay the balance at stated times.   The contract was in writing.   The vendor was in peaceable possession of the land and as soon as the contract was executed he delivered up possession to the vendee, who has ever since occupied the premises without disturbance and without question of his title.   Default having been made in the final deferred payment the vendor made a tender of proper deeds and of documents purporting to be abstracts of title to the land.   No objection was made by the vendee to the deeds, the abstracts, or to the title to the land, but the money due was not paid. The vendor then brought an action for the purchase-price of the land and asked that the contract be foreclosed as security for its payment.   On the trial he proved substantially the foregoing facts.   The vendee

42—70 KAN.

answered by alleging that the vendor did not have the fee-simple title to the land, and could not convey such a title; that he was ready, able and willing to pay the purchase-money demanded on receiving a conveyance of the title agreed upon, but that the plaintiff was unable to comply with the terms of the contract, and by reason of his failure to do so the vendee had been damaged in the sum of $5000, for which he prayed judgment. The vendee demurred to the plaintiff's evidence. The demurrer having been overruled, he elected to stand upon it, and judgment was rendered for the plaintiff. The question for determination is the legal propriety of such judgment.

The defendant's answer affirmed the contract. His position was that he would keep what he had, remain in possession of the land, and still refuse to pay. The authorities declare such an attitude to be unconscionable.

In the absence of fraud, insolvency of the vendor, or other special circumstance, a vendee of land who has been given possession under a contract of sale, and whose possession has not been disturbed, cannot resist payment of the purchase-price on the ground of a lack of title in the vendor unless he rescind the contract and restore possession to the vendor.

In the case of *Reeve v. Downs*, 22 Kan. 330, 334, this court said :

"If the vendee receive possession under the contract, and insist on maintaining such possession, he will not be permitted to deny his liability on such note. In the case of *Harvey v. Morris*, 63 Mo. 475, the court says : 'Where a purchaser of land, by virtue of the contract of purchase, is put in possession of the land purchased, he cannot resist the payment of the purchase-money without offering to restore the possession thus acquired by him to the vendor. He can-

not be permitted to occupy, possess and enjoy the profits of the land bought, and at the same time be allowed to withhold the price agreed to be paid.' To a similar effect is the case of *McIndoe v. Morman*, 26 Wis. 588, 7 Am. Rep. 96. See, also, *Brock v. Hidy,* 13 Ohio St. 306.''

In the case of *McIndoe v. Morman*, Chief Justice Dixon said :

''But the defendant is in possession and enjoyment of the premises, never having been evicted or dis-. turbed, and claims the right to continue therein by virtue of the contract, and still refuses to pay the price. The judgment of the circuit court establishing his right thus to remain in the possession and enjoyment leaves him there, and justifies his refusal to pay the consideration money as he has agreed. The case of *Taft v. Kessel*, 16 Wis. 273, is clear authority that this cannot be done. The remedy of the purchaser, as there decided, where the title of the vendor fails or he is unable to make conveyance as stipulated by the contract, is to rescind the contract, or offer to, and to restore the possession, in which case he may recover the purchase-money advanced and the interest, together with the value of his improvements, deducting therefrom such sum as the use of the premises may have reasonably been worth ; and, if necessary for his protection, the court will also provide by the judgment that the possession be not surrendered until the amount so recovered shall have been paid or otherwise secured to his satisfaction. If, on the other hand, the purchaser chooses not to rescind, but to retain possession under the contract, he can do so only upon condition that he pays the purchase-money and interest according to the contract. In the latter case,. or rather when the purchaser does not elect to rescind,. it is considered that he is willing to receive such title as the vendor is able to give, and content with the personal responsibility of the vendor upon his covenants in case the title actually fails and he is afterwards dispossessed. These propositions are clearly established by *Taft v. Kessel*, as well as the following, in

addition to the cases there cited : *Worthington v. Curd*, 22 Ark. 277 ; *Garven v. Cohen*, South Carolina Law and Eq. R. (Richardson, 13 Law and 12 Eq. 1860–1866), 153 (13 Rich. Law, 153) ; *Helvenstien v. Higgason*, 35 Ala. 359 ; *Wiley v. Howard*, 15 Ind. 169.''

In the case of *McLeod v. Barnum*, 131 Cal. 605, 608, 63 Pac. 924, it was said :

''The law will not allow a vendee to obtain possession of property under a contract of sale, and, while in possession, to defend against an action for the purchase-money upon the ground of the title being defective. (*Peabody v. Phelps*, 9 Cal. 213 ; *Hicks v. Lovell*, 64 Cal. 18, 27 Pac. 942, 49 Am. Rep. 679 ; *Gross v. Kierski*, 41 Cal. 112.) In this case the plaintiff seeks to foreclose upon the property mortgaged, and defendant seeks to retain possession and prevent the foreclosure upon the ground that the title of the vendor was and is defective. If the title could be tried in this way and should be found defective, the defendant might retain possession forever, without paying the amount she agreed to pay or restoring the plaintiff to his former rights.''

In the case of *Sanderlin v. Willis*, 94 Ga. 171, 21 S. E. 291, Lumpkin, J., said :

''We recognize the rule that the purchaser of land who enters into possession under a warranty deed or a bond for titles cannot, before eviction, defeat an action for the purchase-money, unless there has been fraud on the part of the vendor, or the latter is insolvent, or there is some other ground which would in equity entitle the purchaser to relief. This rule seems to be well settled by the cases of *McGehee et al. v. Jones*, 10 Ga. 127 ; *Watson v. Kemp*, 41 Ga. 586 ; *McCauley v. Moses*, 43 Ga. 577 ; *Smith v. Hudson*, 45 Ga. 208 ; *Booth v. Saffold*, 46 Ga. 278, and numerous other decisions of this court.''

In *Wyatt v. Garlington*, 56 Ala. 576, the syllabus reads :

''A purchaser of land, holding his vendor's bond

for title, and remaining in undisturbed possession, can not resist the payment of the purchase-money, on account of a defect in the title, without showing that the vendor is insolvent, or unable to respond in damages."

In the opinion of the court it was said :

"Wyatt, the purchaser, has never been disturbed in the possession of the lands he bought from Garlington, so far as we are informed. There is neither averment nor proof that Garlington is not able to respond in damages, if he should not be able to make a good title. The cross-bills do not seek a rescission. The proof strongly shows that Garlington has a good equitable title, with such length of independent, separate enjoyment as to toll all adversary right of entry. The cross-bills utterly fail to show any right in Wyatt to resist the relief sought by Garlington, that is based on an alleged defect in his (Garlington's) title.  *McLemore v. Mabson*, 20 Ala. 137."

In the case of *Dahl v. Stakke*, 12 N. Dak. 325, 334, 96 N. W. 353, the opinion says :

"It is true that a total failure of title in many cases is not ground for resisting payment of the purchase-price, if the purchaser remains in possession of the premises, and is not threatened with dispossession, and does nothing towards protecting himself against such adverse title, and is not in any way disturbed or damaged by such outstanding title, it not being hostilely asserted against him.   The grounds upon which such cases turn are that such possession may ripen into a good title by the lapse of time, and that the law will not countenance a purchaser in accepting and holding possession and title which are not attacked, and to perfect which the purchaser has done nothing, and at the same time refuse to pay for the land."

Many other cases are of like import.   Among them are *Young v. Figg*, 100 N. W. (Neb.) 311 ; *Worley v. Nethercott*, 91 Cal. 512, 27 Pac. 767, 25 Am. St. Rep. 209 ; *Sievers v. Brown*, 34 Ore. 454, 56 Pac. 171,

45 L. R. A. 642; *Haralson v. Langford*, 66 Tex. 111, 18 S. W. 339; *Mudd v. Green*, 14 S. W. (Ky.) 347; *Lynch and another v. Baxter and wife, Adm'x*, 4 Tex. 431, 51 Am. Dec. 735; *Tompkins v. Hyatt*, 28 N. Y. 347; *Child v. Sheriff et al.*, 107 La. 270, 31 South. 751; *Mallard v. Allred*, 106 Ga. 503, 32 S. E. 588.

The vendee claims that the vendor did not tender deeds conveying title in fee simple free of encumbrances and abstracts exhibiting such a title, and hence that the vendor has not taken the preliminary steps essential to the maintenance of his action. This claim, however, involves an attempt on the part of the vendee to avail himself incidentally of a defense which he could not make in chief. He was admittedly in default in the payment of the purchase-money due; the vendor did tender to him deeds in due form and documents purporting to be abstracts of title; no objection was made to the deeds, to the abstracts, or to the vendor's title, and no offer was made to rescind the contract or to surrender possession of the land. Under these circumstances the vendor had the right to believe that the vendee was satisfied with his conduct, and to sue for his money without further performance or further offer to perform.

The judgment of the district court is affirmed.

All the Justices concurring.

OPINION DENYING A PETITION FOR REHEARING.

(79 Pac. 502.)

*Per Curiam:* In a petition for rehearing duly filed
in this case it is claimed the court overlooked a matter
duly submitted to it for decision.  In the judgment of
the district court no provision was made for the pro-
tection of the defendant's title to the real estate in
question in case he should pay the judgment for the
purchase-price.  The plaintiff recovered only because
he had made a tender of abstracts of title and deeds
in proper form, and continued to stand ready to de-
liver them.  These documents should have been
ordered deposited with the district court for the bene-
fit of the purchaser in order that he may not be left
without a conveyance in case he satisfies the judgment.
To this extent the judgment was erroneous.

In the brief of the defendant filed in this court the
matter is referred to in two places in what amounts
all together to five lines of type.  The court observed
these references, but did not feel called upon to modify
the judgment because of the manner in which the
question was presented.  Neither the petition in error
nor the specifications of error in the brief referred to
it.  The motion for a new trial, the overruling of
which was assigned as error, asked for a reexamina-
tion of the facts and not for a modification of the
judgment, and if, as the petition for rehearing as-
sumes, the error was one reviewable without excep-
tion, it should have been assigned in the petition in
error.

Inasmuch, however, as the matter is one of indif-
ference to the plaintiff and does affect a substantial
right of the defendant, the court is inclined to grant a
modification of the judgment of the district court to

an extent sufficient to meet the difficulties of the defendant's situation, as above described.    Such will be the order, but without costs to the plaintiff in error in this court.    In all other respects the judgment of the district court is affirmed, and the petition for a rehearing is denied.