THOMAS BROWN v. ROBERT McCRIE.

No. 15,126. (94 Pac. 144.)

SYLLABUS BY THE COURT.

SALE OF LAND—*Action for Purchase-price—Breach of Contract for a Deed—Defendant in Possession—Equitable Relief.* In an action by a vendor to recover the purchase-price of land sold under a contract which provided that the vendor should make a sufficient deed and furnish an abstract showing perfect title the answer and cross-petition admitted that defendant secured possession under the contract, but alleged that plaintiff had failed to tender a sufficient conveyance; that the abstract tendered disclosed an outstanding claim against the land, the holder of which had threatened to eject defendant, and had commenced an action against him in ejectment and

for rents and profits. It also alleged a refusal on the part of plaintiff to correct the defects in the title, and averred a willingness to pay the balance when the title should be perfected. It asked that plaintiff be required to perfect the title, and for other affirmative relief. *Held,* that it was the duty of the court to overrule the demurrer to the answer and cross-petition and retain the cause until the equitable rights of the parties could be determined.

Error from Atchison district court; BENJAMIN F. HUDSON, judge. Opinion filed February 8, 1908. Reversed.

*Henry Elliston,* for plaintiff in error.
*Adams & Conlon,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: In this case there was a contract in writing for the sale of eighty acres of land, executed June 23, 1902. The purchase-price was $3100. Brown, the purchaser, paid $500 and was given possession of the land. McCrie, the vendor, was to convey by good and sufficient warranty deed March 2, 1903, and to furnish an abstract showing perfect title in himself, at which time Brown was to pay the balance of the purchase-price, without interest. This action was commenced on April 4, 1904, by the vendor, to recover the purchase-price of the land, the petition alleging that on August 3, 1903, the plaintiff tendered a deed and abstract of the kind called for and that the defendant refused to accept the same.

Defendant filed an answer and cross-petition, the first count of which admitted the execution of the contract, the payment of the $500, and that defendant secured possession of the land at the time the contract was executed and "has since succeeded in holding the same." All of the other averments of the petition were denied. A demurrer to this count of the answer was overruled.

The controversy arises over the second count of the

answer, to which the court sustained a demurrer. It specifically denied that a deed or abstract in compliance with the contract had been tendered, and alleged that the only abstract tendered showed numerous defects in the title. Some of the alleged objections to the title are technical, involving shadowy claims which time would cause to disappear and which furnish no ground to justify a court in affording any relief to the defendant. The principal objection to the title raised by the answer is that plaintiff never acquired any right to the land except such as, it was alleged, resulted from the sale thereof under an execution levied thereon, based upon a judgment against one R. D. Tucker, who on the date of the judgment owned the land and occupied it as a homestead. It was also alleged that the judgment was founded upon the liability of Tucker as surety for his son, and that no part of the consideration of the claim upon which the judgment was based was made up of the purchase-price or expense of caring for or placing improvements on the land; that while Tucker continued to occupy the land as a homestead for himself and family his wife became insane, and continued alive and insane and incapable of consenting to the alienation of the homestead until after the tender by plaintiff of a deed to defendant, and that she never joined in or consented to the execution of any conveyance of the land. It was further alleged that the insane wife of Tucker is now dead, and that Tucker asserts, and at all times since the execution of the contract sued on has claimed and asserted, that the title of plaintiff is void; that Tucker and his grantees have for all of such time threatened to eject defendant from the land, and that since the commencement of this action one George L. Tucker, who claims to have acquired the rights of R. D. Tucker to the land, has commenced an action in ejectment and for rents and profits against defendant and plaintiff, and that the action is pending in the same court. It was alleged that the land has increased in value one-third since

the execution of the contract, and that the plaintiff, when requested to make good the defects in his title, insisted that his title was perfect and refused the demand. Defendant averred a willingness to pay the balance of the purchase-price when the title should be perfected, and prayed that all the parties appearing by the abstract to have any possible outstanding claim or equity in the lands be made defendants and caused to set up their respective claims, and that plaintiff be made to satisfy all claims lawfully brought against the land, either in this suit or the action brought by Tucker, and after so doing to complete the abstract so as to show title perfect and to make the conveyance upon being paid the balance of the purchase-price.

The demurrer was sustained upon the theory that the case is controlled by *Dunn v. Mills*, 70 Kan. 656, 79 Pac. 146, 502. The court, however, is of the opinion that the facts set out in the answer and cross-petition are sufficient to take the present case out of the operation of the principles upon which that case was decided. That the rule declared in *Dunn v. Mills* is the correct one when applied to the facts in that case admits of no doubt. There the vendee had continued in the peaceable and undisturbed possession of the premises under the contract; he made no objection to the deeds, to the abstracts, or to the vendor's title; and it was held that the circumstances presented a case governed by the well-established rule that a vendee who receives possession under the contract and whose possession is not disturbed will not be permitted to deny his liability for the purchase-price on the ground that the title is defective and at the same time insist upon remaining in possession.

In the present case, according to the averments of the pleading, the possession of the vendee cannot be said to have been peaceable and undisturbed, for it appears that the persons claiming adversely have at all times threatened to eject him from the land, and,

further, that when the first deed and abstract were. tendered he objected to the vendor's title.

In construing the pleading every reasonable inference and presumption must be indulged in its favor. We have no right to assume that the second action was collusive or that it was not brought in good faith. It further appears by the answer that the vendor's title, if defective for the reasons stated, could not be cured by lapse of time, owing to the commencement of Tucker's suit before the bar of the statute.

In view of the equitable character of this action, and the power a court of equity possesses to grant to either party whatever relief his equitable rights demand, we are inclined to the opinion that it was the duty of the court to overrule the demurrer and retain the cause until the court could determine what the equitable rights of the parties were. It is within the power of a court of equity, under such circumstances, to inquire whether the second action is collusive or whether it has substantial merit; and if equity requires the postponement of this action until the second shall have been finally disposed of the court has power to make any order found to be necessary. It may determine, upon fuller investigation, that the rule declared in the case of *Dunn v. Mills,* 70 Kan. 656, 79 Pac. 146, 502, applies to the facts in this case. On the other hand, it may determine, under the facts and circumstances, that defendant is entitled to some of the relief asked for in his cross-petition. A court of equity can so mold and shape the subsequent proceedings as to protect the rights of both parties and avoid a multiplicity of actions. It may become the duty of the court to consider the question of the solvency of either party as affecting the rights of the other. In *McIndoe v. Morman,* 26 Wis. 588, 7 Am. Rep. 96, it was said:

"In all such cases the court may so shape and control its proceedings as to prevent injustice, and compel either party to do that which is equitable."

Brown v. McCrie.

In *Mack v. Patchin,* 42 N. Y. 167, 1 Am. Rep. 506, referring to the exceptions to the rule of law upon which *Dunn v. Mills, supra,* rests, it was said:

"But at an early day, in England and in this country, certain cases were declared to be exceptions to these rules, or, more properly speaking, not to be within them; as, if the vendor is guilty of fraud; or can convey but will not, either from perverseness or to secure a better bargain; or if he has covenanted to convey, when he knew he had no authority to contract to convey; or where it is in his power to remedy a defect in his title, and he refuses or neglects to do so; or when he refuses to incur expenses which would enable him to fulfil his contract; in all these cases, the vendor or lessor is liable to the vendee or lessee for the loss of the bargain, under rules analogous to those applied in the sale of personal property." (Page 172.)

In *Reeve v. Downs,* 22 Kan. 330, it was said that the general proposition is "subject to many limitations and exceptions" (p. 335), and abundant authority recognizing some of these exceptions may be found in the excerpts from leading cases on the subject in the opinion in *Dunn v. Mills,* 70 Kan. 656, 79 Pac. 146, 502. Thus, in *Sanderlin v. Willis,* 94 Ga. 171, 21 S. E. 291, it was held that the general rule obtains "unless there has been fraud on the part of the vendor, or the latter is insolvent, or there is some other ground which would in equity entitle the purchaser to relief." (Page 173.) In other cases cited, as *Dahl v. Stakke,* 12 N. Dak. 325, 334, 96 N. W. 353, *McLemore v. Mabson et al.,* 20 Ala. 137, and *Wyatt v. Garlington,* 56 Ala. 576, it will be found that the purchaser had never been disturbed in his possession or had never been threatened with dispossession.

The judgment is reversed, and the cause remanded for further proceedings in accordance with these views.