HANS DIERKSEN, Appellee, v. OTTO PAHL, Appellant.

CONTRACTS: Actions—Plea of Performance. An allegation that plaintiff "has furnished an abstract showing good and merchantable title," and "has performed all the terms and conditions of the contract on his part," unquestioned in the trial court, sufficiently tenders the issue of *performance*, even though the contract calls for an abstract showing "perfect title."

PLEADING: Matters Specially Pleadable—Waiver. A party may not rely on a waiver unless he pleads it. So held where a party sought to excuse his failure to furnish an abstract of title because of his *unpleaded* claim that, subsequent to suit, defendant had waived the furnishing of said abstract.

VENDOR AND PURCHASER: Performance of Contract—Waiver of Defective Title. A purchaser who enters into and retains possession of the purchased premises, without any attempt to rescind the contract, may not defend against an action for the purchase price on the ground that the title is defective.

PLEADING: Matters Specially Pleadable—Estoppel. A party may not rely on an estoppel unless he pleads it.

APPEAL AND ERROR: Disposition of Cause—Reversal and Remand in Equity. The appellate court may, under exceptional circumstances, reverse and remand in an equity cause.

VENDOR AND PURCHASER: Performance of Contract—Highways as Incumbrances. A purchaser may not refuse to specifically perform his contract for the purchase of real estate because of the existence of highways on the land, when he had full knowledge of the highways when he contracted.

*Appeal from Scott District Court.*—A. P. BARKER, Judge.

NOVEMBER 14, 1922.

ACTION for specific performance. The court granted plaintiff the relief demanded. Defendant appeals.—*Reversed and remanded.*

*Hughes, Taylor & O'Brien* and *H. L. Irwin,* for appellant.

*Carroll Bros.,* for appellee.

FAVILLE, J.—Appellee is the owner of a tract of land comprising approximately 79 acres. On the 14th day of May, 1920, the parties hereto entered into a written contract, by which the appellee undertook and agreed to sell said premises to the appellant for the sum of $25,000, $1,000 of which was paid on the execution of the contract, $11,500 was to be paid, under the contract, on March 1, 1921, and the balance was to be represented by a first mortgage on the premises, to run for a period of 10 years from March 1, 1921. The contract provided that full possession was to be given on or before March 1, 1921. The cash payment of $1,000 was made, and appellant went into possession of the said premises the latter part of February, 1921, and continued in possession thereafter. On March 1st, the parties met, for the purpose of closing the deal. At said time, the appellee had with him deeds to the premises and an abstract of title, which he tendered to the appellant. Objections to the abstract were made by appellant at said time. Before these objections had been met, this action was instituted, on the 12th day of March, 1921. The appellee seeks specific performance of the contract, and the payment of the amount due, and the execution of a mortgage, as provided in the contract. Two questions are raised by this appeal: First, appellant insists that the record fails to show that the appellee ever furnished the appellant with an abstract showing perfect title of record; and second, it is claimed that appellee failed to show ability to convey the quantity of land specified in the contract.

I. The contract, by its terms, provided that the appellee should deliver a warranty deed to the premises, together with abstract showing perfect title of record in appellee, free from incumbrances. The allegations of the petition are that:

1. CONTRACTS: actions: plea of performance.

"Said abstract of title was furnished, showing good and merchantable title to said property, on or before March 1, 1921."

The answer alleges that:

"At no time did the plaintiff furnish an abstract of title showing the title of record to be a perfect title."

No abstract was offered in evidence upon the trial.

The appellant insists that the appellee was not entitled to a decree of specific performance, without alleging and proving that he was able to perform, on his part, according to the contract; and that the petition does not sufficiently so allege.

It is true, as a general rule, that a plaintiff suing for specific performance of a contract must allege and prove that he has performed all of the conditions of the contract on his part, or has tendered performance of all of such conditions before the action was commenced, and upon trial must prove these material allegations of his petition. The point made by appellant is that the petition alleges that the abstract showed "good and merchantable title," whereas the contract calls for an abstract showing "perfect" title.

The petition, however, contains the further general allegation that appellee "had performed all the terms and conditions of the contract on his part." The petition was not attacked in any manner by appellant. Appellant is not now in a position, on this record, to urge that the allegations of the petition were insufficient to present a claim of performance of the contract on the part of appellee, according to its terms.

II. It is urged, however, that no abstract was offered in evidence by appellee, and that there is no proof in the record that appellee ever had any abstract showing perfect title to the premises. Under appellant's denial in his answer, it was incumbent upon appellee, in order to make out a case, to prove performance of the contract on his part; and this would require proof that he furnished or tendered appellant an abstract showing perfect title to the premises to be conveyed. No abstract was offered in evidence, and it must be held that appellee failed in an essential part of his proof, unless in some manner such requirement was obviated.

2. PLEADING: matters specially pleadable: waiver.

The appellee now seeks to meet this contention on the part of the appellant by urging in argument that the appellant has waived such proof on the part of the appellee, (1) by accepting

the abstract furnished by appellee, and (2) also by taking and retaining possession of the premises.

It is undoubtedly true that the defendant in an action for specific performance may be shown to have waived performance on the part of the plaintiff, or to have estopped himself from requiring such performance on the part of the plaintiff. *Goettsch v. Weseman,* 185 Iowa 1213. It is a familiar and well established rule that waiver and estoppel must be pleaded, if they are relied upon. Citation of authorities on this point is unnecessary.

Is the appellee in a position to claim waiver or estoppel against the appellant? In regard to the claim of waiver by acceptance of the abstract by the appellant, it appears without conflict that the abstract had not been accepted at the time this suit was commenced, on March 12, 1921. No amendment or supplemental petition was filed, setting up the claim now urged by appellee, that, subsequent to the filing of the petition, the abstract had been perfected, had been delivered to the appellant, and had been accepted by him.

The proof of waiver takes the place of the proof of performance; but where it is relied upon, it must be pleaded. The petition contains no allegation that can be construed into a plea of waiver. The appellee pleaded full performance, when he filed his petition, on March 12, 1921. He did not prove such performance. Without any allegation whatever to support it, he seeks to prove a subsequent delivery of an abstract and acceptance thereof by appellant. This is not sufficient to support the allegations of the petition that pleaded performance of the contract prior to March 12, 1921. If, without offering any abstract in evidence, the appellee sought to rely upon the acts of the parties subsequently to the filing of the petition, as constituting a waiver of performance by the appellant, and hence absolving appellee from proving that he furnished an abstract, as required by the contract, it certainly was incumbent upon him to allege and prove such facts. In other words, it was necessary for the appellee to allege and prove that he performed the contract in regard to the abstract, or else to allege and prove that the appellant waived such performance. He pleaded the former. He sought to prove the latter. This may not be done.

The evidence shows that, when the parties met, on the 1st day of March, 1921, the appellee tendered the appellant an abstract of title. Objections were then urged to the abstract by the appellant, and, as we understand the record, the abstract was retained by counsel for the appellee, to make the required corrections. Before these corrections had been made, however, this action was instituted, on the 12th day of March, 1921. The parties had a subsequent meeting on the 1st of April, and other meetings later, in May and June. The abstract was corrected in the matters complained of, by the procurement of a deed and affidavit: the former being dated April 19, 1921, and placed of record May 23, 1921, and the latter being dated May 31, 1921, and recorded June 7, 1921. At or about the time the deed and affidavit were recorded, the abstract was delivered to the attorneys for the appellant, who were acting for him in passing upon said abstract. We are satisfied, from an examination of the record, that no further objection was thereafter made to the abstract, as not being a perfect abstract. The abstract was retained by the appellant, or by his attorneys, and is still so retained.

But all this happened after this action was commenced, and without any change in the petition, which never mentioned a waiver.

Even under the liberal rules of practice and procedure in equity cases, we do not think that appellee is in a position to now rely upon a waiver by reason of matters which occurred subsequent to the filing of the petition, and which were not pleaded, by way of supplemental petition or amendment to conform the pleadings to the proof.

III. It is alleged that the appellant, in pursuance of the terms of said contract, "moved on and took possession of the said premises on or about March 1, 1921." The evidence shows

3. VENDOR AND PURCHASER: performance of contract: waiver of defective title.
that the appellant did so take possession of the premises, and retained the same at all times thereafter, and was still in possession at the time of the trial, in October, 1921; and that appellant in no manner attempted to rescind the said contract or to surrender the possession of the premises to the appellee. Appellee contends that this estops the appellant from now claiming

that the appellee did not have perfect title to the premises.
Appellee invokes the rule of *Hounchin v. Salyards,* 155 Iowa 608,
wherein we said:

"The law will not permit the purchaser to obtain posses-
sion under contract or deed, and, without returning the prop-
erty, defend against an action for the purchase money upon the
ground of the title being defective. If this were permissible,
he might retain it indefinitely, and, although enjoying the pos-
session and use undisturbed, deprive the vendor of the consid-
eration. As said in *Harvey v. Morris,* 63 Mo. 475: 'Where a
purchaser of land, by virtue of the contract of purchase, is put
in possession of the land, he cannot resist the payment of the
purchase price without offering to restore the possession thus
acquired by him to the vendor. He cannot be permitted to oc-
cupy, possess, and enjoy the profits of the land, and at the same
time be allowed to withhold the price agreed to be paid.' The
principle is well stated in *McIndoe v. Morman,* 26 Wis. 588 (7
Am. Rep. 96): 'The remedy of the purchaser, where the title
of the vendor fails, or he is unable to make conveyance as stipu-
lated by the contract, is to rescind the contract, or offer to, and
to restore the possession, in which case he may recover the pur-
chase money advanced and the interest, together with the value
of his improvements, deducting therefrom such sum as the use
of the premises may have reasonably been worth; and, if neces-
sary for his protection, the court will also provide by the judg-
ment that the possession be not surrendered until the amount
so recovered shall have been paid or otherwise secured to his
satisfaction. If, on the other hand, the purchaser chooses not
to rescind, but to retain possession under the contract, he can
do so only upon condition that he pays the purchase money and
interest according to the contract. In the latter case, or rather,
when the purchaser does not elect to rescind, it is considered
that he is willing to receive such title as the vendor is able to
give, and content with the personal responsibility of the vendor
upon his covenants in case the title actually fails and he is after-
wards dispossessed.' See, also, as announcing like conclusions,
*McLeod v. Barnum,* 131 Cal. 605 (63 Pac. 924); *Sanderlin v.
Willis,* 94 Ga. 171 (21 S. E. 291); *Wyatt v. Garlington,* 56 Ala.
576; *Dahl v. Stakke,* 12 N. D. 325 (96 N. W. 353); *Helvenstein*

*v. Higgason,* 35 Ala. 259; *Dunn v. Mills,* 70 Kan. 656 (79 Pac. 146, 502).''

In *Campbell v. Hagerty,* 191 Iowa 1265, we reaffirmed the rule announced in *Hounchin v. Salyards,* supra, and applied it in a case where the facts were somewhat similar to those in the case at bar. See, also, *McCreary v. McGregor,* 183 Iowa 732; *Allen v. Adams,* 162 Iowa 300.

We are again confronted by the situation in respect to the pleadings in this case. As before stated, after suit was brought, the abstract was corrected and delivered to the appellant, and retained by him. He at all times has retained possession of the premises since the 1st of March, 1921, without any attempt to rescind the contract. If the taking and retaining of possession of the premises under these circumstances renders it unnecessary for appellee in this suit for specific performance to prove the performance of the contract on his part, by the delivery of an abstract showing perfect title, it must be because the appellant is estopped from now asserting such claim against the appellee. But appellee cannot avail himself of the claim of estoppel without pleading the same. The mere allegation in his petition filed March 12, 1921, that the appellant had taken possession of the premises on or about March 1st, in pursuance of the contract, cannot be construed into a pleading of estoppel, growing out of the continued possession of the premises and the transactions between the parties subsequently to the 1st day of March. See *Lillienthal v. Bierkamp,* 133 Iowa 42. If estoppel exists, it is by virtue of the taking of possession on or about March 1st, and the matters and things that have happened subsequently, including the indefinite retention of possession, without any offer to rescind. But estoppel predicated on these matters cannot avail the appellee, without a plea of estoppel. The situation is quite analogous to that disclosed in *Lillienthal v. Bierkamp,* supra. Both parties introduced evidence, and tried the case largely on matters that had arisen since the petition and answer were filed in the cause, and this without amendment to the pleadings or challenge to their sufficiency. In a sense, it may be said that the parties are *in pari delicto* as to this.

We are disposed to adopt a somewhat unusual proceeding

4. PLEADING: matters specially pleadable: estoppel.

in equity cases, and to remand this case to the lower court for such further proceeding as may be deemed proper therein, and in accordance with the conclusions herein announced. See *Lillienthal v. Bierkamp*, supra.

5. APPEAL AND ERROR: disposition of cause: reversal and remand in equity.

IV. The contract called for the sale of certain real estate, described according to the usual governmental description. It is contended that there was a substantial shortage in the amount of the tract, because of the existence of a legally established highway, which took a portion of said premises.

6. VENDOR AND PURCHASER: performance of contract: highways as incumbrances.

The contract did not call for the conveyance of a specific and definite number of acres. It is well established that the laying out of a public highway creates an easement only on the land, and that the owner of the parcel is not thereby divested of his title to the property. *City of Dubuque v. Maloney,* 9 Iowa 450. A public highway in this state is not an incumbrance, within the covenants of a warranty deed. *Harrison v. Des Moines & Ft. Dodge R. Co.,* 91 Iowa 114. Appellant knew of the existence of the highway, before the contract was entered into.

The existence of the highway in question was no defense to appellee's right to a specific performance of the contract.

V. It is claimed that there was a shortage in the premises to be conveyed. It appears that, after the making of the original contract, a supplemental contract was drawn between the parties, which provided for an abatement in the purchase price, to offset a shortage.

Under the record, we find no sufficient evidence of any other shortage than the one covered by this supplemental contract, that would be available to the appellant as a defense.

The decree of the lower court will be reversed, and the cause remanded for further proceedings, as the parties may be advised, and in accordance with this opinion.—*Reversed and remanded.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.