HENRY LILLIENTHAL and LILLIE LILLIENTHAL v. WM. BIER-
   KAMP, JR., CHARLES STRUCK, and C. F. CLAUSSEN,
   Appellants.

**Real estate contracts:** SPECIFIC PERFORMANCE. A vendor of real estate who contracts to furnish an abstract showing perfect title cannot compel specific performance until he has complied with his agreement, unless there has been a waiver of the requirement or the purchaser is estopped from insisting on its performance.

**Same:** WAIVER OF DEFAULT. Where a contract for the sale of real estate contemplates that the purchaser may take possession prior to its full performance, the vendor cannot insist upon the fact of possession as a waiver of his obligation to furnish an abstract showing perfect title; nor will an attempt of the purchaser to sell the land, prior to completion of the contract, establish such waiver, where the vendor did not rely thereon but afterward attempted to perform the contract and was then unable to furnish a perfect abstract.

**Recovery of advance payment:** FORFEITURE: WAIVER. Before a purchaser of land on contract can recover an advance payment, or a forfeiture provided therein, on account of the vendor's breach, he must take some affirmative action in the na-

ture of a forfeiture or a rescission; an insistence on performance is a waiver of any right to a forfeiture of the contract.

*Appeal from Cedar District Court.*— HON. B. H. MILLER, Judge.

WEDNESDAY, JANUARY, 9, 1907.

ACTION for specific performance of a contract by which defendants obligated themselves to purchase a certain tract of land from plaintiffs, and pay therefor on delivery of a good and sufficient warranty deed and abstract showing perfect title in plaintiffs, on or before the 1st day of March, 1903. Defendants resisted specific performance on the ground that plaintiffs had no title, and had not tendered a sufficient abstract of title, and by way of counterclaim defendants asked judgment for the amount paid in advance at the time of executing the contract, and an additional sum by way of penalty specified in the contract for failure of plaintiffs to perform.    The lower court rendered a decree for specific performance, and the defendants appeal.— *Reversed* and *remanded.*

*Charles W. Kepler & Son* and *F. J. Casterline,* for appellants.

*Wright, Leech & Wright,* for appellees.

McCLAIN, J.— A former decision of this court affirming the decree of the lower court, with a slight modification, having been set aside on a petition for rehearing, the case is now before us for redetermination.    In the course of the various arguments many propositions of law have been announced, supported by citation of numerous authorities, but we think that the case can be disposed of by the statement of a few controlling facts about which there is no substantial dispute in the record, without elaborating the questions of

law which have been argued. When the facts are analyzed, no substantial difficulty as to the rules of law applicable to them will remain.

The written contract for the sale of the land in question by plaintiffs to defendants was made on the 28th day of July, 1902, and provided for the payment of $600 at the time of

1. REAL ESTATE CONTRACTS: specific performance. .

the execution of the agreement, which sum was paid, and $12,840 on March 1, 1903, " on the delivery of a good and sufficient warranty deed and an abstract showing perfect title in " the plaintiffs. And it was further provided: " For the faithful performance of this contract, first party [plaintiffs] is hereby bound to second party [defendants], in the penal sum of $600, which sum is to be paid within ten days after nonperformance of this contract." And time is made of the essence of the contract. It is further stipulated that the penalty shall be in lieu of all damages for breach on either side. The contract contains provisions indicating the understanding that the defendants may take possession of the property before the full performance of the contract has been completed. It further appears that the defendants did take possession of the property before March 1, 1903, and are still in possession thereof, through their tenant. For the purpose of enabling defendants to arrange for borrowing a portion of the money with which final payment for the land was to be made, plaintiffs furnished to defendant Bierkamp an abstract of title soon after the contract was entered into; but this abstract was in many particulars defective, and was never accepted by the defendants as a full compliance with the requirements of the contract in this respect. Prior to the date fixed for performance an arrangement was made between Bierkamp and plaintiff Henry Lillienthal that said Lillienthal and one Blair should loan to defendants $10,000 on the property in lieu of furnishing at that time such abstract of title as would enable the defendants to borrow the money elsewhere; and in this connection something was said about allowing plaintiffs to

have time to clear up the title by the settlement of the estate of Lillienthal's father, through whom the title was derived.

On the 2d of March, 1903 (the 1st of March falling on Sunday), there were negotiations between Lillienthal and one Snoke, representing defendant Bierkamp, with reference to the execution of a deed by plaintiffs to defendants. Snoke on behalf of Bierkamp insisted the deed should be made to defendants Bierkamp and Claussen, and Lillienthal had with him a deed already executed to these two defendants which he offered to deliver to Snoke if there was any authority shown in accordance with which he could exclude defendant Struck from the conveyance. But at this time no such authority could be produced. In the absence of such authority, Lillienthal was ready to deliver a deed executed to the three defendants, but this Snoke refused to receive, insisting that Struck's interest had been acquired by the other two defendants. Owing to this disagreement, no deed was then delivered, but Snoke proposed that $200 be retained by him for defendants until the title in plaintiffs could be made good, and the abstract could be perfected. Soon after the 28th of March an abstract was furnished to defendant Bierkamp by plaintiffs, which was still defective, and which defendants refused to accept, and immediately thereafter this action for specific performance was instituted.

We think that it must be conceded in view of the evidence that plaintiffs have never complied with their contract to furnish to defendants an abstract showing perfect title in plaintiffs, nor have plaintiffs since the 2d of March tendered any deed to defendants Bierkamp and Claussen, although a release by defendant Struck to his codefendants of his interest in the land has been procured by them; but plaintiffs have been ready and willing since the 28th of March to make such deed as might be properly required, and they allege that they have now a good and perfect title. We are relieved from going into any question as to the sufficiency of plaintiffs' title by the fact that

plaintiffs have never tendered a sufficient abstract. On account of plaintiff's failure to tender a perfect abstract, they are in no situation to enforce specific performance, unless the requirement to furnish an abstract has in some manner been waived, or defendants have estopped themselves from further insisting upon the performance of that stipulation in the contract. We need not go into the question discussed by counsel for defendants as to whether a written contract to convey may be modified as to the conditions requiring a perfect abstract by a subsequent parol agreement. It is enough to say that the evidence does not establish any parol agreement entirely waiving this stipulation. The negotiations between Lillienthal and Snoke on the 2d of March seem to have related to some waiver which was to be effectual if Lillienthal would deliver a deed conveying title to defendants Bierkamp and Claussen, but at this time Lillienthal refused to deliver such a deed because he was not protected by any release on the part of defendant Struck, and the arrangement for the retention of $200 by Snoke, if we correctly understand the record, was only to enable the plaintiffs to perfect their title and furnish a sufficient abstract. Until such abstract is furnished, we are satisfied that plaintiffs are not entitled to have specific performance.

It is further insisted for plaintiffs that defendants, by taking possession of and leasing the land, have estopped themselves from making further objection to the abstract. This contention we think is not sound. As already indicated, the contract itself contemplates a possession by defendants before the completion of the contract on the 2d of March, and possession was taken by them before that time, so that the taking and retention of possession cannot be treated as constituting either a waiver or an estoppel with reference to their right to have a perfect abstract before paying the balance of the purchase price. Certain efforts on the part of defendants, which are shown in the record, to sell the farm, cannot be relied on as

2. Same: waiver of default.

an estoppel, for such efforts were made long before the time for carrying out the contract had arrived, and plaintiffs did not treat this action on the part of defendants as either a waiver or an estoppel, for they proceeded on the 2d of March to attempt to carry out the contract in accordance with its provisions, and were then unable to do so by reason of their inability to furnish a perfect abstract. We see nothing in the record which would justify us in holding that plaintiffs are entitled to have the contract specifically performed without tendering full compliance on their part in accordance with the stipulations of the contract of sale.

Counsel for defendants insist that plaintiffs are not only not entitled to specific performance, but that they have become liable to defendants to return the $600 advanced payment, and to pay to defendants the $600 penalty stipulated for in the contract, on failure to carry out its provisions. If the defendant had on the 2d of March insisted that by reason of the inability of the plaintiffs to furnish a perfect abstract the contract had become void, they would, no doubt, have been entitled to the relief which they now ask; but some affirmative action on the part of defendants in the nature of a forfeiture or rescission was essential before they should become entitled to the return of the money paid and the payment of the forfeiture provided for. Instead of insisting upon a forfeiture, defendants have continued in possession of the land through their tenant, and have continued to insist that plaintiffs shall furnish them an abstract of title. This conduct on defendants' part has constituted a waiver of a right to a forfeiture of the contract. At no time, by pleading or otherwise, have defendants offered to deliver possession of the property to plaintiffs, or to restore them to the situation which they would have occupied on the 2d day of March, had the property been restored to them, and a demand of the money paid by defendants and the forfeiture provided for in the contract been then made. The fact is that for some time after the 2d of March

3. RECOVERY OF ADVANCE PAYMENT: forfeiture: waiver.

the defendants were insisting on the performance of the contract by plaintiffs, and plaintiffs were insisting that sufficient performance had been made, and defendants are not entitled now to such relief as they might have been entitled to on the 2d of March for failure of plaintiffs to carry out the contract on their part.

The result is that the parties must stand, so far as this litigation is concerned, in the situation in which they have placed themselves by their own conduct, and we are not able under the record in this case to give any relief to either of them. We see no impossibility in the way of plaintiffs perfecting their title by proper proceedings so as to enable them to tender such an abstract as is required by the contract, nor do we say, on the other hand, that defendants may not be entitled by proper notice of rescission, and offer to put plaintiffs in *statu quo* to maintain an action for the recovery of the money paid and the forfeiture. There are no issues presented to us for present determination which involve decision as to the final rights of the parties in these respects.

The decree is reversed and the case is remanded to the lower court for such further proceedings as may be proper in view of the conclusions which we have here announced.— *Reversed* and *remanded.*