BECHTEL, Appellant, v. DAKOTA NATIONAL BANK
(Kruger, Intervenor), Respondents

(151 N. W. 887.)

(File No. 3626.   Opinion filed March 27, 1915.)

**1.   Vendor and Purchaser—Defective Title—Incomplete Contract—Destroyed Improvements, Whose Loss?**

Where, on an exchange of lands between plaintiff and defendant, and, both titles being unsatisfactory, deeds were placed in escrow by the respective parties until the titles should be perfected, defendant taking possession of plaintiff's land under a lease, and before plaintiff's title was perfected, a house upon said land was burned, **held**, that the contract was incomplete, and plaintiff continued the owner in equity of said land, and the loss of the house fell upon him.

**2.   Same—Deed in Escrow, Effect of on Title—Ownership of Destroyed Improvements.**

Where, upon an exchange of lands, deeds were placed in escrow by the respective parties pending the perfecting of titles, and defendant took possession of plaintiff's land under a lease, and a house thereon burned before title was perfected, **held**, that the placing of the deed in escrow by vendor did not serve to change the relation of the parties as to ownership of the land and house.

Appeal from Circuit Court, Brown County.   Hon. THOMAS L. BOUCK, Judge.

Action by G. S. Bechtel against the Dakota National Bank, to quiet title, in which Angus F. Kruger intervened.   From a judgment for defendant and intervenor, plaintiff appeals.   Affirmed.

*Williamson & Williamson*, for Appellant.

*G. W. Fletcher*, and *L. T. Van Slyke*, for Respondents.

(1) Under point one of the opinion, Appellant cited: McKechnie v. Sterling, 48 Barb. 330; Dart. Vend. & P., p. 116; 1 Sugden, Vend. & P., 468; State Mut. Fire Ins. Co. v. Updegraph, 21 Pa. 513; Elterman v. Hyman, 192 N. Y. 113, 84 N. E. 937; 3 Pomeroy Eq. Secs. 1261 and 1406 (2d. Ed.); Brighton Beach Racing Assn. v. Home Ins. Co., 93 N. Y. Supp. 654; Woodward v. McCullom, (N. D.) 111 N. W. 623; State v. Weide, 135 N. W. 696 (S. D.); Brakhage v. Tracy, 13 S. D. 343, 83 N. W. 363.

(2) Under point two of the opinion, Appellant cited: Ware

v. Curry, 67 Ala. 275; Sudduth v. Knight, (Ala.) 14 South. 475; Bibbler v. Walker, 69 Ind. 362; Whitfield v. Harris, 48 Miss. 710.

Respondents cited: Pomeroy v. Aetna Insurance Company, (Kan.) 120 Pac. 344; Walton v. Phoenix Insurance Company, (Mo.) 141 S. W. 1138; Kinney v. Hickox, (Neb.) 38 N. W. 816; Bowdle v. Jencks, (S. D.) 99 N. W. 98; Schmidt v. Musson, (S. D.) 107 N. W. 367; Devlin on Deeds, 3d Ed., Vol. 1, Secs. 319 and 320.

GATES, J. On March 5, 1913, the plaintiff and the intervener entered into a contract of exchange of real estate, whereby the intervener agreed to exchange farm land in North Dakota for certain lots in Warner, Brown county, S. D., owned by plaintiff, upon which there was a dwelling house. The title to neither piece of property was satisfactory to the purchaser, and the deeds were placed in escrow with defendant bank until the titles were respectively made acceptable. On March 13, 1913, the intervener went into possession of the Warner lots under a written lease which provided, among other things:

"This lease is made to the party of the second part" (the intervener herein) "merely for the purpose of giving second party possession of said premises pending an action to determine adverse claims to above described property now pending in the circuit court of Brown county, South Dakota, which action is brought to quiet title therein in G. S. Bechtel so that he may comply with terms of contract of sale with Aug. E. Krueger, which contract is dated March 5, 1913."

The plaintiff on the same day began an action to quiet title in him to the Warner property and perfected the same by a decree of the court entered on May 21, 1913. On the night of March 27, 1913, the dwelling on the Warner lots was destroyed by fire without the fault of either party. On the next day the intervener rescinded the contract for failure of consideration by reason of the destruction of the buildings by fire and notified plaintiff thereof. Plaintiff brought this action to recover possession from defendant bank of the deed to the North Dakota farm land. The grantor therein, August F. Kruger, intervened in the action. Trial was had before the court and a jury. At the conclusion of the evidence all parties moved for a directed verdict. The jury was

discharged by consent, and the trial court made findings of fact in favor of the defendant and the intervener.   From the judgment entered therein, the plaintiff appeals.

[1, 2] It is urged by appellant that because the deed to the intervener was placed in escrow, and because the intervener went into possession of the Warner property, the intervener must bear the loss caused by the fire.  In this case the intervener did not go into possession as vendee.  He went into possession as lessee of the vendor, and his possession of the property at the time of the fire was the possession of the vendor.

It is a general rule that as between vendor and vendee a loss must fall upon him who is the owner of the land at the time of the loss, and that, since the vendee is in equity the owner, he must bear the loss.   Woodward v. McCollum, 16 N. D. 42, 111 N. W. 623.   But there is an important exception to that rule, viz.:

"To the general rule that the purchaser must bear all losses there is one well-recognized exception:  That, if the loss occurs at a time when for any reason the contract lacks completeness, the vendor, being in such case the owner in equity, must be responsible for the loss.   Thus, where the loss occurs before the vendor is in a position to convey a good title, it will fall on the vendor." 29 A. & E. Ency. (2d. Ed.) 713.

See, also, Bowdle v. Jencks, 18 S. D. 80, 99 N. W. 98.

The present case comes within the exception.  As confessed by the contract, the transaction lacked completeness, and the vendor was not in position to convey a good title.  Nor did the placing of the deed in escrow to await the perfecting of title by the vendor serve to change the relation of the parties.  Schmidt v. Musson, 20 S. D. 389, 107 N. W. 367; Id., 23 S. D. 231, 121 N. W. 624; 1 Devlin on Deeds (3d. Ed.) §§ 319-321.  The loss in this case must be borne by the vendor.

The judgment of the circuit court is affirmed.