AMUNDSON, Respondent, v. SEVERSON, Appellant.

(170 N. W. 633).

(File No. 4381.   Opinion filed February 11, 1919.)

1.   Limitations—Specific Performance, Equity Suit, Ten Year Statute Applicable.

A suit for specific performance of contract of sale of realty, being one on equity side of the court, held, that Code Civ. Proc., Sec. 66, being the ten year statute of limitations, applies to this case.

2.   Vendor and Purchaser—Vendor Non-owner of Title, Vendee in Possession, Flood Destruction of Land—Purchaser, Whether Owner of Equitable Title—Whose Loss?—Specific Performance, Whether Enforceable.

Where vendor of realty was owner of but a one-tenth interest in the land, and vendee after making partial payment, went into possession, and thereafter made further payments; and meanwhile a large portion of the land was washed and eroded away by river water, the remaining acreage being of but little value; vendor thereafter claiming to have procured good title to the entire acreage sold, and having tendered an abstract of title and warranty deed to vendee, who refused to accept, held, that the general rule that purchaser of realty who makes payment and goes into possession under a contract for deed, shall bear any loss resulting from flood, etc., is not applicable where vendor does not own the property and is unable to convey prior to or at time of loss occurs; that purchaser under such circumstances of loss is not an equitable owner of the premises under such contract, and if such loss occurs before seller acquires title, the loss is not upon purchaser, but upon vendor; following Bechtel v. Bank, 35 S. D. 191; that the fault for non-

fulfillment of contract was wholly upon vendor, thereby placing this case within the exception to the general rule; nor would the fact that vendee was in possession at time of loss change or vary the reason upon which the exception to the general rule is based. **Held,** further, that, the record showing failure of vendor to make good title, he is not entitled to judgment for specific performance.

Appeal from Circuit Court, Clay County. HON. ROBERT B. TRIPP, Judge.

Action by Tillie Amundson, against Knudt Severson, to enforce specific performance of a contract for sale of realty. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and remanded with directions to dismiss suit.

*French, Orvis & French,* and *Payne & Olson,* for Appellant.
*Bogue & Bogue,* and *H. G. Tilton,* for Respondent.

(1) To point one of the opinion, Appellant cited:
Subd. 1, Sec. 60, Code Civ. Prac.
Respondent cited:
Tobin v. McKinney, 14 S. D. 16, 84 N. W. 228.

(2) To point two, Appellant cited:
39 Cyc. Sec. 1642 lb. note 31, and cases cited; 29 Enc. Law, 712; Mackey v. Bowles (Ga.) 25 S. E. 834; Phinizy v. Guernsey, 111 Ga. 346, 36 S. E. 796; 50 L. R. A. 680, 78 Am. St. R. 207; Kinney v. Hickox, 24 Neb. 167, 38 N. W. 816; and, re loss by flood; Huguenin v. Courtenay, 53 Am. R. 688.

Respondent cited:
Robt. D. V. Sewell v. Adelia S. Underhill, 197 N. Y. 168, 90 N. E. 420; Woodward v. McCollum, 16 N. D. 142, 111 N. W. 623; Bechtel v. Dakota National Bank, (S. D.) 151 N. W. 887.

McCOY, J. There was judgment for plaintiff, and defendant appeals. There is no material dispute in relation to the facts. On the 25th day of October, 1909, the plaintiff and defendant entered into a written contract in substance providing: That the first party (plaintiff) had this day sold, and the second party (defendant) has bought the following described premises, containing 120 acres, on the following terms, to-wit: $200 in cash; $800 on March 1, 1910; $1,000 March 1, 1911; balance of $2,200 on or before two years from March 1, 1911, with interest at 6 per cent. from March 1, 1910, on all sums becoming due after that date;

possession to be given second party on March 1, 1910. And that on March 1, 1911, the said sum of $1,000, due at that time, having been duly paid, and this contract otherwise fulfilled by the second party, first party shall execute and deliver a good and sufficient warranty deed of said premises, and second party shall execute and deliver to first party a mortgage upon the same, securing said balance of $2,200, with interest, and that the first party shall, at or prior to delivery of deed, furnish second party an abstract showing good and merchantable title in said premises. At the time said contract was entered into, the plaintiff was the owner of only an undivided two-ninths interest in said land, the remaining seven-ninths interest being in her children, some of whom were then minors, the said land then belonging to plaintiff and her children as heirs of her deceased husband. The sum of $200 was paid by defendant at the time of the execution of the contract, and $800 on the first day of March, 1910. On March 1, 1911, defendant paid plaintiff the sum of $500, and by reason of plaintiff's not then being the owner of the full title, and being unable to deliver an abstract showing merchantable title in herself, the defendant refused to pay the balance of the $1,000 payment due on the 1st day of March, 1911; defendant made no other payments. Defendant went into possession of said land on the 1st day of March, 1910. During 1913 all of said land excepting about 30 acres was washed and eroded away by the waters of the Missouri river. The 30 acres remaining were of little value. During the early part of the year 1917 the plaintiff claims to have procured good title to the entire interest in said premises, and on the 9th day of August, 1917, tendered an abstract of title and a warranty deed of conveyance to defendant, which defendant refused to receive or accept. Thereafter the plaintiff instituted suit in equity against the defendant to compel him to specifically perform said contract by the payment of the balance of such purchase money, and interest. Findings and judgment were in favor of plaintiff, and defendant appeals, assigning various errors.

[1] One of the contentions of appellant is that the plaintiff's cause of action at the time of the commencement thereof was barred by the statute of limitations. That action is for specific performance on the equity side of the court, and we are inclined

to the view that the 10-year limitation provided for in actions for relief by section 66, Code of Civil Procedure, applies to this case, and that therefore the cause of action was not barred.

[2] The vital contention upon the merits presented by appellant is that the situation presented in this case is an exception to the general rule that a purchaser of real estate who makes payments and goes into posssession under a contract, such as that herein involved, pending delivery of deeds and furnishing of abstract, shall bear any loss resulting from fire, flood, or other cause. It is the contention of appellant that this general rule is not applicable where the vendor does not own the property, and has no ability to convey prior to or at the time the loss occurs; that under such circumstances a purchaser cannot be held to be an equitable owner of premises under such a contract where the seller had no title or was not in a position to convey according to the terms of the contract, and that if such a loss occurs before the seller acquires title, the loss cannot fall upon the purchaser. We are of the opinion that this contention of the appellant, under the circumstances of this case, is well taken. The proposition seems to be clearly stated in 39 Cyc. 1642, as follows:

"The general rule, placing the burden of a loss or injury upon the purchaser, is based upon the ground of his equitable ownership, and cannot be extended beyond the reason of the rule, and it is therefore essential to its operation that the contract at the time of the loss or injury shall be so complete, binding, and enforceable that the purchaser may properly be regarded as the owner of the property. It is accordingly held that the burden must fall upon the vendor if at the time the loss or injury occurs the contract is not complete and binding, * * * as where at the time of the loss or injury the vendor is not in a position to convey a good title."

Such was the holding of this court in Bechtel v. Bank, 35 S. D. 191, 151 N. W. 887. It is clear from the record in this case that at the time of the loss of the land by the action of the Missouri river plaintiff was not, and never had been, in a position to convey good title to defendant. The fault was wholly on the part of plaintiff for the contract not having been fulfilled and carried out by either of the parties to the contract, thereby placing this case clearly within the exception to the general rule.

We are also of the view that the fact that defendant went

into and was in possession of the premises at the time the loss occurred would not change or vary the reason upon which the exception to the general rule is based. Bechtel v. Bank, supra. Lilienthal v. Bierkamp, 133 Iowa, 42, 110 N. W. 152.

We are therefore of the opinion that under no condition of this case would respondent be entited to a judgment for specific performance. We are also of the view that the record clearly shows that respondent failed to show such a good title as was sufficient to authorize the court to decree specific performance of the contract on the part of appellant.

The judgment and order appealed from are reversed, and the cause remanded, with directions to the lower court to enter judgment dismissing respondent's cause of action on the merits.