BURRER, et al, Respondents, v. BURRER, et al, Appellants.

(275 N. W. 344)

(File No. 8043.   Opinion filed October 5, 1937)

*Paul O. Kretschmar,* of Eureka, for Appellants.
*J. M. Berry,* of Ipswich, for Respondents.

POLLEY, J. One Christian C. Burrer died testate in Mc-Pherson county on or about the 18th day of August, 1916. He left an estate consisting of a considerable amount of real and personal property and was survived by his widow and nine children. By paragraph 3 of his will he made certain devises in the following language: "I further give and devise and bequeath to my son Christian Burrer" certain specifically described real property, subject to the following condition: "The several devises herein made to my sons Christian Burrer, Jacob Burrer and Henry Burrer are made subject to and on condition of the payment by each of my said sons, or their heirs, of the sum of Two Thousand Dollars to the Executor named herein, for the purpose of equalizing the distribution of the estate among the heirs, same to be paid in five equal instalments and within five years after my death, with interest thereon at five per cent per annum on each instalment after same shall become past due, and the premises herein devised to each of my sons shall be liable until the amounts mentioned, together with accrued interest, are fully paid and satisfied."

The said last will and testament was admitted to probate in the county court of McPherson county on the 13th day of December, 1916.

The defendant Christian C. Burrer, one of the devisees named in the said will, accepted the terms of the said devise and was, on the 19th day of August, 1917, let into possession of the real property devised to him and thereafter made payments as required by the terms of the will aggregating $1,216, leaving a balance due thereon, including interest, of $1,371.65; the last payment by said defendant was made on the 16th day of March, 1925.

On or about the 19th day of August, 1917, the above-named county court made a decree, designated as a final distribution of the estate, but which decree showed upon its face that it was only a partial distribution, and which decree contained the following paragraph: "Provided, that the assignment of the above described premises is made to said Christian Burrer subject to payment by said Christian Burrer of the sum of Two Thousand Dollars in five equal annual installments to the executors of said estate on or before Aug. 19, 1917, 1918, 1919, 1920, and 1921, respectively, with interest thereon at the rate of five per cent per annum on each

installment after the same shall become due and delinquent, and until the payment and satisfaction of the said sum of money, with interest, the aforementioned premises shall remain liable for such payments, and any unpaid balance shall be a lien upon said real property."

After the entry of the said decree, and on the 13th day of October, 1917, the said decree of distribution was filed for record and recorded in the office of the register of deeds in and for said McPherson county.

On or about the 19th day of December, 1929, the said Christian C. Burrer and wife executed a mortgage on the said premises to the Guaranty State Bank of Eureka to secure a loan of $800, which mortgage was thereafter assigned to the defendant Eureka Holding Company. This loan was not paid and said holding company took title to said premises through foreclosure proceedings and conveyed the same to the defendant Wilhelmina Kuszmaul.

The balance due from the said Christian C. Burrer under the terms of the said will was not paid, and on or about the 23d day of November, 1933, this action was commenced by the executors of the said last will and testament against the said defendant Christian C. Burrer, the defendant Eureka Holding Company of Eureka, and the defendant Wilhelmina Kuszmaul.

The prayer for relief in the complaint in this action reads as follows: "Wherefore, The plaintiffs demand judgment against the said defendants and each of them for the sum of Thirteen Hundred Seventy-one and 65/100 Dollars, with interest thereon from this date; that the same be adjudged to be a first lien upon the said premises and further directing a sale of all of said premises, and the application of the proceeds thereof be applied in payment of the claim herein and adjudged a lien thereon, and any interest or claim of the defendants be adjudged to be inferior to the lien claimed by the plaintiffs herein, and for the costs and disbursements of this action, and for such other and further relief as the court may deem just and equitable in the premises."

Among the defenses set up by the defendants is the statute of limitations, and in our opinion this is the only defense that merits consideration.

It will be noted that the plaintiffs in their prayer for relief demand a personal judgment against each of the defendants, and that they also ask that the lien created by the terms of the will be foreclosed and that the property devised to Christian C. Burrer be sold to pay the amount found to be due under the terms of the will. The trial court found as a matter of law that the plaintiffs are entitled to a personal judgment against Christian C. Burrer for the sum of $1,467.65 together with interest at the rate of 6 per cent. per annum until paid, that the plaintiffs have a first lien on the property devised to Christian C. Burrer to satisfy the said judgment and their costs, and that the said premises be sold and the proceeds of such sale be used to satisfy the judgment. Judgment was entered accordingly and defendants Eureka Holding Corporation and Wilhelmina Kuszmaul appeal. Christian C. Burrer having failed to appeal from the money judgment against him, such judgment must stand, and it is not necessary to determine what statute of limitations applies to this cause of action.

In regard to the action to foreclose the lien created by the terms of the will the statute of limitations to be applied depends upon what the action is based. It is the contention of plaintiffs that the action is based on the decree of distribution entered in the county court on the 19th day of August, 1917, that the said decree is a "judgment or decree" within the language of subdivision 1 of section 2295, R. C. 1919, and that they have twenty years in which to bring the action. On the other hand, appellants contend that the action is based on an implied liability and is controlled by subdivision 1 of section 2298, R. C. 1919. The action is based on the lien created by the conditional devise made by the terms of the will, and not on the decree of distribution. The devise contained in the will, until it was accepted by the devisee, imposed no obligation upon him. He could have declined to accept the devise subject to the condition named in the will and no obligation would have been created and the lien would never have taken effect. But, by his acceptance of the conditional devise, he impliedly promised to perform the condition named in the will. The lien immediately became effective and the question we have to determine is: What statute of limitations fixes the time within which the action to foreclose such lien must be commenced?

■ The time within which actions for certain specific causes may be commenced is fixed by the provisions of sections 2294 to 2303, R. C. 1919. The limitation for the foreclosure of a lien, such as the lien involved in this action, is not fixed by the provisions of either of the above sections and, in order to fix a limitation for the commencement of actions not provided for by said sections, section 2304 was enacted. This section is a catch-all provision intended to provide for all actions not provided for by sections 2294 to 2303. Section 2304 reads as follows: "An action for relief not hereinbefore provided for must be commenced within ten years after the cause of action shall have accrued."

This court has repeatedly held this section to include equitable actions for relief of the nature of the present case. Amundson v. Severson, 41 S. D. 377, 170 N. W. 633; Froelich v. Swafford, 33 S. D. 142, 144 N. W. 925; McPherson v. Swift, 22 S. D. 165, 116 N. W. 76, 133 Am. St. Rep. 907; Casey v. Smith, 36 S. D. 36, 153 N. W. 918.

■ In Houts v. Hoyne, 14 S. D. 176, 84 N. W. 773, 775, this court, quoting from Hubbell v. Sibley, 50 N. Y. 468, say: "The relief sought in this action does not come within any of the other provisions fixing the time within which the action must be commenced. Hence it must come within section 97 [2304 c. 1919]. That limits the time to ten years."

The action to foreclose the lien having been commenced within ten years after the last payment was made by Burrer is not barred by the ten-year statute. And it is not material whether the action to recover the principal debt is barred by any statute of limitations. Alexander v. Ransom, 16 S. D. 302, 303, 92 N. W. 418.

The judgment and order appealed from are affirmed.

All the Judges concur.