JOE LANE *et al.*, *Appellees*, v. M. L. GEORGE *et al.*,
*Appellants*.

No. 17,096.

SYLLABUS BY THE COURT.

DAMAGES—*Breach of Contract—Ratification—Estoppel.* A written contract for the exchange of properties provided that one of the parties should convey to the other a certain farm. The exchange was made, the deed conveying the land was delivered and the grantee entered into possession. The deed contained a recital that the land was conveyed subject to a certain mortgage of $2000 which the grantee assumed. In an action by the grantor to recover damages for a breach of the contract, *held*, that the grantee by accepting the deed without objection and remaining in possession of the land with no offer to rescind was estopped to set up the claim that the grantor agreed to convey a title free from encumbrances.

Appeal from Shawnee district court. Opinion filed May 6, 1911. Affirmed.

*D. C. Tillotson*, for the appellants.

*George H. Whitcomb, Clad Hamilton*, and *J. B. Larimer*, for the appellees.

The opinion of the court was delivered by

PORTER, J.: Lane and Leonard sued George and Mc-Quilkin to recover damages for the breach of a contract for the exchange of properties. The facts are stated more fully in a former opinion (*George v. Lane,* 80 Kan. 94), where a judgment in favor of the plaintiffs was reversed for trial errors. On the second trial the plaintiffs again recovered and the defendants appeal.

On May 9, 1905, the parties entered into a written contract under the terms of which the plaintiffs conveyed by warranty deed to the defendants a farm of two hundred acres in Jefferson county, in consideration of which the defendants transferred to the plaintiffs a certain stock of groceries and grocery fixtures and agreed to furnish a buyer who would take a half interest in the grocery stock at $1300. The breach of the contract consisted in the failure of the defendants to furnish such buyer. The case was tried both times on the same pleadings. The answer admitted the execution of the contract, but specifically denied that the plaintiff had performed the terms thereof and pleaded matter in avoidance of the agreement to find a purchaser for a half interest in the grocery stock. On the second trial, the defendants claimed for the first time that the plaintiffs had failed to comply with the contract because the farm was subject to a mortgage of $2000 which was not referred to in the written contract. The deed was a general warranty and recited that it was subject to "a mortgage of $2000 in favor of the Mutual Benefit Insurance Company, which the parties of the second part agree to assume." It was delivered on the 15th day of May, 1905, and immediately filed for record by the defendants. On the second trial the court was asked to instruct the jury that by the terms of the contract the defendants were entitled to a deed showing a clear title and unless the plaintiffs had delivered such a deed they would not be entitled to recover. A peremp-

tory instruction to find for the defendants was also requested. The refusal of the court to give these instructions is the error complained of.

The defendants' contention is easily disposed of. They made no objection to the encumbrance on the land at the time the deed was delivered, but transferred the stock of merchandise in exchange for it, and are, of course, estopped by their conduct from now claiming that they understood they were to get the title clear of any encumbrance. When they raised this defense for the first time they had been in possession of the land for five years, claiming under the deed, without any objection. They made no offer to rescind the contract and to reconvey, but propose to keep the land and avoid compliance with the terms of the contract because they now claim to be dissatisfied with the title. This they can not be permitted to do. (*Dunn v. Mills,* 70 Kan. 656; *Brown v. McCrie,* 77 Kan. 230; *Harrell v. Neef,* 80 Kan. 348.)

After accepting the deed and retaining possession all these years it would be unconscionable to permit the defendants to set up the defense that the plaintiffs had not conveyed the title agreed upon. Obviously, the understanding of both parties was that the land should be conveyed subject to this mortgage. Otherwise the objection would have been raised at the moment the deed was delivered.

The judgment is affirmed.