OSCN Found Document:STATE EX. REL. OKLAHOMA BAR ASSOCIATION v. MCMILLEN

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE EX. REL. OKLAHOMA BAR ASSOCIATION v. MCMILLEN
2017 OK 26
Case Number: SCBD-6469
Decided: 03/28/2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 26, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA EX. REL. OKLAHOMA BAR ASSOCIATION, Complainant,
MARY E. MCMILLEN, Respondent.

ORIGINAL PROCEEDING FOR RULE 7 SUMMARY DISCIPLINE

¶0 This summary disciplinary proceeding was brought pursuant to Rule 7 of the Rules Governing Disciplinary Proceedings, 5 O.S. 2011 Ch. 1, App. 5. It is based upon respondent's plea agreements to charges of driving under the influence of alcohol, transporting an open container of beer, driving with a suspended license, and driving under the influence causing an accident. This Court issued an Order of Immediate Interim Suspension of respondent's license to practice law in the State of Oklahoma after the plea agreements were finalized. After waiving a hearing before the Professional Responsibility Tribunal, the respondent now seeks to lift her suspension and have final discipline determined. We lift the interim suspension, publicly censure the respondent, and reinstate her license subject to certain probationary conditions.

INTERIM SUSPENSION LIFTED;
RESPONDENT IS PUBLICLY CENSURED;
RESPONDENT IS REINSTATED WITH CONDITIONS.

Debbie Maddox, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.
Sheila Naifeh, Tulsa, Oklahoma, for Respondent.

KAUGER, J.:

FACTS AND PROCEDURAL HISTORY

¶1 On December 5, 2016, the Oklahoma Bar Association (Bar) filed a Notice of Deferred Sentence with the Court.[1] The notice concerned the respondent, Mary E. McMillen (McMillen/respondent) who lives in Tahlequah, Oklahoma, and who has been a Bar member since September of 2012.

¶2 According to the information that the District Attorney of Cherokee County filed on October 2, 2015, McMillen was stopped on September 25, 2015, for driving under the influence of alcohol, transporting an open container of beer, and driving with a suspended license. On February 22, 2016, McMillen was arrested in Wagoner County for driving under the influence after causing an automobile accident in which the other driver was seriously injured. The Wagoner County charges were filed on May 19, 2016.

¶3 The respondent pled no contest to both charges and entered plea agreements in both counties in November of 2016. It appears that the charges were reduced to misdemeanors in both counties and that the respondent received deferred sentences of approximately eighteen months to run concurrently.[2] On December 12, 2016, the Court, pursuant to Rules 7.1 and 7.2 of the Rules Governing Disciplinary Proceedings, entered an immediate interim suspension of the respondent.[3]

¶4 The Court also gave McMillen an opportunity to show why the interim suspension should be set aside and allowed the Bar to respond. On December 20, 2016, the respondent filed an Affidavit of Compliance with the Court stating that, pursuant to the Court's interim suspension and to Rule 9.1 of the Rules Governing Disciplinary Proceeding,[4] she advised her clients to seek new legal representation.[5] Essentially, McMillen affirmed that she was "taking proactive steps to formally withdraw from all cases pending with any tribunal." She enclosed a list of the clients who were notified and in which counties their cases were filed.

¶5 On January 6, 2017, and February 2, 2017, the respondent requested that her interim suspension be set aside. The Bar responded on January 17, 2017. Additionally, some of the exhibits/documents which were filed, were filed under seal because they contain medical and other health care records. On February 2, 2017, McMillen notified the Court that she expressly waived her right to a hearing before the Professional Responsibility Tribunal.

¶6 No final discipline has been imposed and the respondent has been suspended by the Court since December 12, 2016. Respondent now requests that the Court set aside her interim suspension, and impose no further discipline. The reason? McMillen "self suspended" for six months about a year ago, sought treatment, and continues to seek treatment for her addiction issues since then as well. In support of her argument, she includes evidence of her self-suspension which the Bar acknowledges did actually occur.

¶7 The respondent, after being turned down for inpatient residential substance abuse treatment through the Oklahoma Department of Mental Health and Abuse System (ODMHSAS) in March of 2016, began outpatient treatment which continues to this day. McMillen has been consistent in participation and treatment and her counselor does not assess that the respondent would be a danger to her clients or unable to provide effective service to them. Her treatment has included considering the welfare of clients at the forefront of her mind, monitoring stress levels and improving self-care, and assessing the amount of work needed for a client's case and asking for help when needed.

¶8 Respondent has regularly attended Alcoholics Anonymous. Since July of 2016, respondent has assisted a Tulsa attorney, Patrick Adams. Since her December 2016 suspension she has assisted him with cases, but has not advised or represented clients. In addition to this, she did not work at all from February of 2016 until July of 2016, while seeking treatment. The respondent is very forthcoming in admitting her problems and has actively sought treatment. There is no indication of client neglect, misconduct regarding clients, or an unfitness to practice law.

¶9 On January 17, 2017, the Bar filed a response to McMillen's request to set aside the interim suspension. The Bar states that it has interviewed all of the supporting witnesses and verified all of the respondent's documentation and is in full support of lifting the Order of Interim Suspension because of the respondent's exemplary behavior in self-suspending and seeking treatment. On February 21, 2017, the Bar recommended that the Court issue a final order of discipline with a public censure and with publication limited to the Oklahoma Bar Journal. The Bar also requests that the respondent provide quarterly compliance reports through 2017 which confirm regular attendance and participation in Lawyers Helping Lawyers and/or Alcoholics Anonymous as well as complete her treatment plan with her counselor.

¶10 While we have had several cases which concern attorney's with alcohol addiction issues,[6] our recent case of State ex rel. Okla. Bar Ass'n v. Shahan, 2017 OK 10, __ P.3d ___ is strikingly similar. In Shahan, the lawyer was arrested for a misdemeanor DUI. He pled guilty to the crime of Public Intoxication, the crime of DUI, and no contest to Leaving the Scene of a Collision Involving Property Damage. Shahan, like the respondent in this cause, immediately self-reported to the Bar, whereupon we issued an Order of Immediate Suspension. After his self-reporting, the respondent completed a DUI/substance abuse assessment, attended AA meetings and drug classes, and stopped drinking. He also began meeting with Lawyers Helping Lawyers and volunteering with the Youthful/Drunk Driving Program.

¶11 Shahan requested a hearing and the PRT determined that he was in a healthy place and made voluntary, genuine efforts to redeem himself. We determined that he accepted full responsibility of his alcohol consumption and that he had taken steps to ensure such behavior would not be repeated in the future. We imposed a public censure with conditions, stating:

We find public censure to be the appropriate discipline in this case and hereby lift Respondent's interim suspension. During the pendency of this case, Respondent was subject to a deferred suspension of twelve months which, as of the date of this Order, has since been satisfied. Respondent was also required to: (1) comply with all conditions of his court-imposed deferred sentence until released from his deferred sentence; (2) refrain from any and all use of alcohol, mind-altering substances or illegal drugs during the term of his deferred suspension; (3) sign and maintain a contract with Lawyers Helping Lawyers which shall monitor his compliance and provide other services as requested by Respondent; (4) waive all questions of confidentiality and permit his sponsor at Lawyers Helping Lawyers to notify the General Counsel of the Oklahoma Bar Association in the event of any default by Respondent in the terms of the probation or deferred suspension; and (5) abide by the Rules of Professional Conduct.

¶12 In this cause the respondent self-suspended herself from the practice of law from February of 2016 to July of 2016, she accepted full responsibility of her alcoholism, and she has taken steps to ensure such behavior will not be repeated. She continues counseling and the attendance of AA. Persuaded by our decision in Shahan, we lift the interim suspension, publicly censure the respondent, subject to the following conditions:

(1) comply with all conditions of her court-imposed deferred sentences;
(2) refrain from any and all use of alcohol, mind-altering substances or illegal drugs;
(3) sign and maintain a contract with Lawyers Helping Lawyers which shall monitor her compliance and provide other services as requested by Respondent or regularly attend Alcoholic Anonymous meetings through the end of 2017; and
4) abide by the Rules of Professional Conduct.

¶13 On March 1, 2017, the respondent filed an application for permission to the Court to file supplemental letters to the Court's considerations from friends and colleagues, in the absence of a tribunal hearing. Because there is no need for such letters, the application is denied.

CONCLUSION

¶14 Respondent's pleas of guilty to the criminal charges serve as a basis for this summary disciplinary proceeding.[7] Nevertheless, not every criminal conviction facially demonstrates the lawyer's unfitness to practice law.[8] A lawyer is professionally answerable for offenses that indicate lack of characteristics relevant to the practice of law which involve violence, dishonesty, breach of trust, or serious interference with the administration of justice. A felony conviction for driving under the influence does not facially demonstrate unfitness to practice law.[9]

¶15 The respondent self-suspended herself from the practice of law from February of 2016 to July of 2016, she accepted full responsibility of her alcoholism, and she has taken steps to ensure such behavior will not be repeated. She continues counseling and the attendance of AA. Persuaded by our decision in Shahan, we lift the interim suspension, and publicly censure the respondent.

INTERIM SUSPENSION LIFTED;
RESPONDENT IS PUBLICLY CENSURED;
RESPONDENT IS REINSTATED WITH CONDITIONS.

GURICH, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, COLBERT, REIF, WYRICK, JJ., concur.

COMBS, C.J., dissents.

FOOTNOTES

[1] Rule 7.1 of the Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch.1, App. 1-A provides:

A lawyer who has been convicted or has tendered a plea of guilty or nolo contendere pursuant to a deferred sentence plea agreement in any jurisdiction of a crime which demonstrates such lawyer's unfitness to practice law, regardless of whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial, shall be subject to discipline as herein provided, regardless of the pendency of an appeal.

Rule 7.2 of the Rules Governing Disciplinary Proceedings, 5 O.S. Supp. 2014, Ch.1, App. 1-A provides:

The clerk of any court within this State in which a lawyer is convicted or as to whom proceedings are deferred shall transmit certified copies of the Judgment and Sentence on a plea of guilty, order deferring judgment and sentence, indictment or information and judgment and sentence of conviction to the Chief Justice of the Supreme Court and to the General Counsel of the Oklahoma Bar Association within five (5) days after said conviction. The documents shall also be furnished to the Chief Justice by the General Counsel within five (5) days of receiving such documents. Such documents, whether from this jurisdiction or any other jurisdiction shall constitute the charge and be conclusive evidence of the commission of the crime upon which the judgment and sentence is based and shall suffice as the basis for discipline in accordance with these rules.

[2] The Cherokee County and the Wagoner County Sentencing orders are a bit inconsistent with sentencing ranging from 1 year for one count and 18 months and 2 years for others. Copies of the sentencing sheets are attached to the Bar's Notice of Deferred Sentence filed December 5, 2016, and the Amended Notice of Deferred Sentence filed December 6, 2016.

[3] Rule 7.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A, see note 1, supra. Rule 7.2, Rules Governing Disciplinary Proceedings, 5 O.S. Supp. 2014, Ch. 1, App. 1-A, see note 1, supra.

[4] Rule 9.1 of the Rules Governing Disciplinary Proceedings, 5 O.S. 2011 Ch. 1, App. 1-A provides:

When the action of the Supreme Court becomes final, a lawyer who is disbarred or suspended, or who has resigned membership pending disciplinary proceedings, must notify all of the lawyer's clients having legal business then pending within twenty (20) days, by certified mail, of the lawyer's inability to represent them and the necessity for promptly retaining new counsel. If such lawyer is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the disbarred, suspended or resigned lawyer had substantial responsibility. The lawyer shall also file a formal withdrawal as counsel in all cases pending in any tribunal. The lawyer must file, within twenty (20) days, an affidavit with the Commission and with the Clerk of the Supreme Court stating that the lawyer has complied with the provisions of this Rule, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. Proof of substantial compliance by the lawyer with this Rule 9.1 shall be a condition precedent to any petition for reinstatement.

[5] It appears McMillen self-suspended from February of 2016 to July of 2016 while she sought treatment, then continued to represent clients from July of 2016 until this Court suspended her in December of 2016.

[6] State ex rel. Okla. Bar Ass'n v. Armstrong, 1992 OK 79, 791 P.2d 815; State ex rel. Okla. Bar Ass'n v. Cooley, 2013 OK 42, 304 P.2d 453; and State ex rel. Okla. Bar Ass'n v. Shanan, 2017 OK 10, __ P.3d ___. Of course there are other cases in which attorneys have been disciplined for misconduct involving alcohol. Some have included a pattern of indifference, while others involved lawyers who were committed to treatment. See, State ex rel. Oklahoma Bar Association v. Giger, 2001 OK 96, 37 P.3d 856; State ex rel. Oklahoma Bar Association v. Bernhardt, 2014 OK 20, 323 P.3d 222; State ex rel. Oklahoma Bar Association v. Burns, 2006 OK 75, 145 P.3d 1088; State ex rel. Oklahoma Bar Association v. McBride, 2007 OK 91, 175 P.3d 379; State ex rel. Oklahoma Bar Association v. Garrett, 2005 OK 91, 127 P.3d 600.

[7] Rule 7.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2011 Ch. 1, App. 5, see note 1, supra.

[8] State ex rel. Oklahoma Bar Association v. Armstrong, 1990 OK 9, ¶ 8, 791 P.2d 815, 818.

[9] State ex rel. Oklahoma Bar Association v. Cooley, 2013 OK 42, ¶ 13, 304 P.3d 453, 456.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 9, 791 P.2d 815, State ex rel. Oklahoma Bar Ass'n v. Armstrong
Discussed at Length
 1992 OK 79, 848 P.2d 538, State ex rel. Oklahoma Bar Ass'n v. Armstrong
Cited
 2001 OK 96, 37 P.3d 856, 72 OBJ 3401, STATE ex. rel. OKLAHOMA BAR ASSOCIATION v. GIGER
Discussed
 2005 OK 91, 127 P.3d 600, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GARRETT
Discussed
 2006 OK 75, 145 P.3d 1088, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BURNS
Discussed
 2007 OK 91, 175 P.3d 379, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MCBRIDE
Discussed
 2013 OK 42, 304 P.3d 453, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. COOLEY
Discussed at Length
 2014 OK 20, 323 P.3d 222, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BERNHARDT
Discussed
 2017 OK 10, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SHAHAN
Discussed